NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5019

RANDY S. ROBERTS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Randy S. Roberts</u>, of Phoenix, Arizona, pro se.

<u>John S. Groat</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were <u>Jeanne E. Davidson</u>, Director, and <u>Donald E. Kinner</u>, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Francis M. Allegra

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5019

RANDY S. ROBERTS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-763, Judge Francis Allegra.

_____

DECIDED:  March 3, 2009

_____

Before BRYSON, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Randy S. Roberts ("Roberts") appeals from a final decision of the United States Court of Federal Claims ("the trial court") dismissing his complaint as untimely.  <u>Roberts v. United States</u>, No. 07-CV-763 (Fed. Cl. Sept. 26, 2008) ("<u>Decision</u>").  Because the trial court correctly concluded that the six-year statute of limitations contained in 28 U.S.C. § 2501 bars Roberts's complaint, we <u>affirm</u>.

Roberts served in the United States Army from April 23, 1963 to January 18, 1965.  On January 18, 1965, following a number of disciplinary actions, including a court martial conviction, Roberts received an "other than honorable" discharge from the Army.  Prior to his discharge, Roberts received a medical and psychological examination.  The

report from the examination concluded that Roberts "has no disqualifying mental or physical defects sufficient to warrant disposition through medical channels. . . . Psychiatric evaluation has found that [Roberts] was and is mentally responsible, able to distinguish right from wrong and to adhere to the right, and has the mental capacity to understand and participate in board proceedings." Government's App. at 26.

In January 2003, Roberts applied to the Army Board for the Correction of Military Records ("ABCMR"), requesting that his discharge be upgraded. The ABCMR denied Roberts's application. Roberts requested, and in November 2004 received, his military service records. He subsequently requested reconsideration of the ABCMR's decision based on information in the service records, but the ABCMR denied Roberts's request.

In October 2007, Roberts filed a complaint in the trial court alleging that he was unlawfully separated from active duty in 1965 and seeking back pay, benefits, and correction of his military records under the Back Pay Act, 5 U.S.C. § 5596. On the government's motion, the trial court dismissed Roberts's complaint, concluding that it was barred by the six-year statute of limitations contained in 28 U.S.C. § 2501.

Roberts timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the trial court's dismissal de novo. Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

Section 2501 of title 28 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." A claim "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability.'" Martinez v. United

States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (citation omitted). "In a military discharge case, . . . the plaintiff's cause of action accrues at the time of the plaintiff's discharge." Id.

The trial court found that Roberts's cause of action accrued on January 18, 1965, the date of his discharge. Because more than forty years had passed between the accrual of Roberts's cause of action and the filing of his complaint, the trial court found Roberts's complaint barred by the six-year statute of limitations of 28 U.S.C. § 2501. The trial court further found that Roberts's arguments attempting to toll the limitations period—that is, arguments relating to equitable tolling, a purported legal disability exception, and the "accrual suspension doctrine"—unpersuasive. Roberts contends that the trial court erred in finding that the statute of limitations bars this action. He argues primarily that the "accrual suspension doctrine" tolled the time for him to file his complaint. Roberts also argues that the trial court erred by considering evidence relevant to his court martial conviction.

We find neither of Roberts's arguments persuasive. According to the "accrual suspension doctrine" relied upon by Roberts, "the accrual of a claim against the United States is suspended, for purposes of 28 U.S.C. § 2501, until the claimant knew or should have known that the claim existed." Young v. United States, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (quoting Martinez, 333 F.3d at 1319). "The 'accrual suspension' rule is 'strictly and narrowly applied: . . . [The plaintiff] must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date.'" Martinez, 333 F.3d at 1319 (alterations in original) (quoting Welcker v. United States, 752 F.2d

1577, 1580 (Fed. Cir. 1985)). The basis for Roberts's reliance upon the accrual suspension doctrine is his contention that his discharge resulted from perjured medical testimony (the falsity of which was not known at the time) indicating that he was psychologically competent and therefore not qualified for a medical discharge. The trial court rejected this assertion, concluding that "even though the allegedly perjured testimony of which plaintiff claims might not have been known to him at the time of his discharge, it remains that the facts surrounding that testimony were not 'inherently unknowable,' but could have been discovered long ago." Decision at 4-5.

We agree with the trial court. There is no indication in the record that the government concealed any attempt to falsely diagnose Roberts as mentally healthy. Nor is there any indication that his injury was "inherently unknowable" at the time. Roberts contends that the facts giving rise to his discovery of the injury stem from his receipt of his military service records in 2004. He has failed to demonstrate, or even suggest, however, that those records were unavailable from the time of his discharge until 2004, and thus that his injury was "inherently unknowable." As a result, the accrual suspension doctrine is inapplicable.

Roberts also argues that the trial court inappropriately considered evidence relevant to his court martial conviction when the proper issue for the trial court's consideration was the government's use of false medical testimony to achieve the unlawful discharge. We find this contention without merit. The trial court did note Roberts's court martial conviction in the background section of its decision, as a predicate fact for Roberts's "other than honorable" discharge. Decision at 1. There is no indication, however, that the trial court relied upon this evidence for any of its

holdings, including its determination that the accrual suspension doctrine did not apply. Thus, we reject Roberts's argument.

We have carefully reviewed the rest of Roberts's arguments in light of the record, but find them unpersuasive. For the foregoing reasons, the trial court's decision is <u>AFFIRMED</u>.

COSTS

No costs.