**Mancy N. THOMPSON, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 09–264 C.**

United States Court of Federal Claims.

July 24, 2009.

---

Mancy N. Thompson, Jr., pro se.

Steven J. Abelson, Civil Division, Commercial Litigation Branch, United States Department of Justice, for defendant.

## OPINION and ORDER

BLOCK, Judge.

*Pro se* plaintiff, Mancy N. Thompson, Jr., alleges that the Marine Corps wrongfully discharged him, and brings this suit seeking back pay and benefits for his remaining term of service. Because plaintiff's claim accrued more than six years before he filed his complaint, this court lacks jurisdiction. *See, e.g., John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345 (Fed.Cir.2006), *aff'd,* 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). The complaint will be hereby dismissed.

## BACKGROUND

Mr. Thompson filed his complaint on April 28, 2009,[1] seeking both pay and benefits for the portion of his service obligation remaining at the time of his discharge from the Marine Corps, as well as a modification of his discharge classification. This is not the first time plaintiff has challenged the validity of his discharge. In 1997, plaintiff requested a review of his discharge. The Navy Discharge Review Board upheld the discharge, asserting that the plaintiff waived his right to have a court-martial. *See* Compl. at 2. Plaintiff does not explain why his discharge was improper. Rather, he appears to claim either that he never waived his right to a

---

**1.** On April 28, plaintiff also filed an application to proceed *in forma pauperis.* Plaintiff's application is granted.

court-martial or that the public defender appointed to defend him against murder charges in 1987 was not qualified to waive this right on his behalf. *See* Compl. at 2. Significantly, in a memorandum written by plaintiff in 1997 to support his request to have his discharge reviewed, plaintiff contended that the government lacked evidence of the waiver, and, that if it did, the waiver was either made under duress or was not made knowingly. Def.'s Status Report Ex. 1 at 5.

Because plaintiff's complaint did not specify the date of his discharge, which is the likely operative date when his claim accrued, *see Martinez v. United States*, 333 F.3d 1295, 1303 (Fed.Cir.2003), the court requested that both parties produce evidence of the date of plaintiff's discharge by July 9, 2009. June 24, 2009 Order. In response, defendant filed two documents containing the date of plaintiff's discharge: plaintiff's "Certificate of Release or Discharge from Active Duty" (DD Form 214) and his "Application for the Review of Discharge or Dismissal from the Armed Forces of the United States" (DD Form 293). Def.'s Status Report Ex. 1 at 1–2. The copy of plaintiff's Certificate of Release is almost indecipherable, but the year of release appears to be 1987. Def.'s Status Report Ex. 1 at 1. The Application for Review of Discharge is clearer. It lists the "Date of Discharge" as "09 SEP 87." Def.'s Status Report Ex. 1 at 2.

Plaintiff does not dispute the proffered date of discharge,[2] but rather "object[s] to the fixing of any date to a discharge [that is] in violation of the law." Pl.'s Resp. at 2. Plaintiff asserts that the government failed to turn over documents that he needed to file his claim and that he "wasn't absolutely sure he had any real legal claim" until he contacted the Navy Annex in 2007. Pl.'s Resp. at 3. Plaintiff concludes that equitable tolling should apply because the "[g]overnment

fraudulently or deliberately conceal[ed] material facts relevant to plaintiffs [sic] claim so as that plaintiff [was] un-aware of their existence and could not have discovered [the] basis of [his] claim." Pl.'s Resp. at 6.

## DISCUSSION

■ While this court is vested with the authority to award improperly withheld military pay under applicable money-mandating statutes and to correct military records when doing so is "incident of and collateral to" awarding monetary damages, *see* 28 U.S.C. § 1491(a)(1)-(2), this authority is circumscribed by the Tucker Act's six-year jurisdictional statute of limitations set forth at 28 U.S.C. § 2501, *see, e.g., John R. Sand & Gravel Co.*, 128 S.Ct. at 755 (citation omitted). It is also well-settled that a claim for "back pay accrues at the time of the plaintiff's discharge." *Martinez*, 333 F.3d at 1303. And it accrues at the specific time of discharge, because a "claim for back pay is not a 'continuing claim' that accrues each time a payment would be due throughout the period that the service member would have remained on active duty." *Id.*

■ Based on the uncontroverted, proffered documents, plaintiff's claim accrued on September 9, 1987, when the Marine Corps discharged him. Accordingly, even though the court holds pleadings by *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), such pleadings "are not exempt from meeting [the Tucker Act's] jurisdictional requirements," *Lester v. United States*, 85 Fed.Cl. 742, 744 (2009) (citing *Kelley v. Sec'y Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987)). Therefore, because plaintiff's claim accrued more than six years prior to the filing of his complaint on April 28, 2009, this court has no jurisdiction to consider its merits.

---

**2.** Plaintiff stated that these dates had no legal significance and merely assisted "the government in fixing a possible time frame to the events." Pl.'s Resp. at 3. Plaintiff did not offer any alternative date for his discharge, and in fact later implicitly endorsed the validity of the copy of his Certificate of Release when citing it for the "dates of time lost during this period....

870523–870526." Pl.'s Resp. at 5 (military date format is "year, month, day"). Additionally, plaintiff filed a copy of his "Application for Correction of Military Record," where in the space marked "Date of Discharge or Release" he specifies, "See: DD214," referring to his Certificate of Release. Pl.'s Resp. Ex. 1 at 2.

■ Furthermore, contrary to plaintiff's argument, equitable tolling of the statute of limitations is not available. The Tucker Act's statute of limitations at 28 U.S.C. § 2501 is "a jurisdictional requirement for a suit in the Court of Federal Claims" that "may not be waived" by this court. *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed.Cir.2006), *aff'd*, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). As such, § 2501 is "not susceptible to equitable tolling." *John R. Sand & Gravel Co.*, 552 U.S. at ——, 128 S.Ct. at 755 (citation omitted); *see also Black v. United States*, 84 Fed.Cl. 439, 450 (2008) ("[E]quitable tolling of ... § 2501 is foreclosed by the Supreme Court's decision in *John R. Sand & Gravel Co.*").

■ Finally, the court interprets plaintiff's arguments to raise what the Federal Circuit has called "accrual suspension." This characterization is based on plaintiff's assertion that the "[g]overnment fraudulently or deliberately conceal[ed] material facts relevant to plaintiffs [sic] claim so as that plaintiff [was] un-aware of their existence and could not have discovered [the] basis of [his] claim." Pl.'s Resp. at 6. In *Young v. United States*, the Federal Circuit explained:

> According to the accrual suspension rule, the accrual of a claim against the United States is suspended, for purposes of 28 U.S.C. § 2501, until the claimant knew or should have known that the claim existed.... [T]he plaintiff must either show that the defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was inherently unknowable at the accrual date.

529 F.3d 1380, 1384 (Fed.Cir.2008) (internal quotations and citations omitted); *see also Ingrum v. United States*, 560 F.3d 1311, 1315 n. 1 (Fed.Cir.2009).

Accrual suspension does apply to plaintiff's claim, however, because plaintiff was indeed aware of the claim. As early as 1997, plaintiff stated that he never legitimately waived his right to a court-martial. Def.'s Status Report Ex. 1 at 5. At the very least, therefore, plaintiff knew about his claim in 1997. That plaintiff might not have been aware of

his claim at the time of his discharge is irrelevant. So long as plaintiff was aware of his claim at some point more than six years before he filed his complaint, the claim accrued outside of the Tucker Act's statute of limitations. *See Roberts v. United States*, 312 Fed.Appx. 340, 342–42 (Fed.Cir.2009). Furthermore, it does not matter that plaintiff alleges that the government failed to supply him with documents he needed to file a claim, Pl.'s Resp. at 3, because such documents would have "simply provided him with additional ammunition with which to pursue the claim," *Martinez*, 333 F.3d at 1319. Like petitioner in *Martinez*, plaintiff "was fully aware of the injury he had suffered," and thus is not entitled to accrual suspension. *Id.*

## CONCLUSION

This court has a duty to address, even *sua sponte*, any issue related to its jurisdiction. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004) ("[s]ubject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*"); *Coca-Cola Co. v. United States*, 87 Fed.Cl. 253, 256 n. 8 (2009). Therefore, because plaintiff's claim falls outside of this court's jurisdiction by violating the Tucker Act's statute of limitations, court hereby **DISMISSES** the claim. The Clerk is directed to take the necessary steps to dismiss the complaint.

**IT IS SO ORDERED.**