**VERO TECHNICAL SUPPORT, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 10–575C.

United States Court of Federal Claims.

Sept. 29, 2010.

---

David F. Barton, The Gardner Law Firm, San Antonio, TX, for the plaintiff.

Arlene P. Groner, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With her were Christopher A. Bowen, Trial Attorney, Steven J. Gillingham, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch and Tony West, Assistant Attorney General, Civil Division.

## ORDER

HORN, Judge.

This case was brought against the United States by plaintiff, Vero Technical Support, Inc. (Vero), in the United States Court of Federal Claims as a bid protest, according to plaintiff, "in connection with a procurement or a proposed procurement," pursuant to 28 U.S.C. § 1491(b)(1) (2006) (the Tucker Act). The case is before the court on the defendant's motion to dismiss and cross-motions for judgment on the administrative record. Vero's protest arises from a department wide insourcing policy decision made by the United States Department of Defense (DoD) and a Department of the Air Force decision to insource the work for which plaintiff currently has an ongoing contract. Plaintiff's contract, however, is due to end by its own terms on September 30, 2010, with the government having a unilateral option to extend plaintiff's contract for up to six months. Vero alleges that the United States improperly plans to insource the work Vero current-

ly performs for the Air Force, in violation of 10 U.S.C. § 129a (2006) and 10 U.S.C. § 2463 (2006). Plaintiff challenges the DoD's insourcing decision process for using improper data and failing to make a "like comparison" between Vero's costs and the government's own costs and, therefore, defendant's failure to select the low cost provider for the services required. The plaintiff describes the government's decisions as a "procurement decision that permanently removes the scope of work from the competitive realm and violates statutes (10 U.S.C. § 129a) and its [the Air Force] own insourcing procedures ... which it has expressly bound itself to." According to the plaintiff, the "Air Force is simply continuing to insource without basis."

Vero alleges in its complaint before this court that the DoD and Air Force insourcing decisions and the findings and conclusions to support those insourcing decisions were arbitrary and capricious agency actions and an abuse of discretion, or otherwise made not in accordance with law. Plaintiff requests a declaratory judgment to that effect. Vero also requests a temporary restraining order, as well as preliminary and permanent injunctive relief to enjoin and to set aside the DoD and Air Force insourcing decisions. Furthermore, plaintiff requests attorney's fees and expenses.

Currently, Vero provides weather forecasting, weather observation, maintenance and support services at meteorological stations at eleven Army bases and fifteen total sites throughout the United States, pursuant to Contract No. FA4890–10–C–0006 (the contract). Vero was awarded the contract on March 15, 2010. The contract had a phase in period from March 15 through March 31, 2010, plus a base period of six months from April 1, 2010 to September 30, 2010, with no optional CLINs [Contract Line Item Numbers], except for four locations which had a three month base period, plus three one month optional CLINs. Although Vero's work is performed at Army bases, Vero reports to the Air Force, and it is the Air Force which is handling the insourcing of the services Vero has been performing. The Air Force has begun hiring various Vero employ-

ees as government employees to facilitate the insourcing at a number of Army bases.

Prior to award of the contract to Vero, the Air Force issued Amendment No. 9 to the Request for Proposals (RFP) FA4890–08–R–0004. Amendment No. 9 was issued following the Air Force's decision to insource the services provided for in the RFP in the future. Accordingly, the period of contract performance was shortened in the RFP, or, as explained in an accompanying memorandum to offerors from the contracting officer, the performance period was altered as a result of "realigning resources to support the in-sourcing initiative." After the issuance of Amendment No. 9, the government reopened discussions and invited offerors to submit revised price proposals. Vero submitted a revised price proposal in response to the shortened period of performance, and ultimately was awarded the contract.

Before filing suit on August 24, 2010 in this court, Vero had filed suit on June 8, 2010 in the United States District Court for the Southern District of Florida against the United States, also naming the DoD, the Air Force, and the Army as defendants. In its complaint in the District Court, as in this court, Vero had asked for declaratory relief and challenged the decisions by the DoD and the Air Force to insource the work Vero is currently performing. In both courts, plaintiff alleged that the defendant's insourcing decision had not been made in accordance with the insourcing procedures required by 10 U.S.C. § 129a and 10 U.S.C. § 2463, and that the defendant had ignored or violated its own procedures by arriving at the insourcing decision without "like comparison" of the costs of insourcing its own personnel, as compared with those of Vero. In the District Court, however, Vero argued jurisdiction pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706 (2006), specifically section 702, and not pursuant to the Tucker Act, which the plaintiff argues is the basis for jurisdiction in this court. In the District Court, as it also did subsequently in this court, Vero requested a declaratory judgment that the defendant's insourcing decisions, and the agency actions which led to the findings and conclusions to support the insourcing decisions, were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and requested a temporary restraining order, as well as preliminary and permanent injunctive relief to enjoin the defendant's insourcing decision. In the District Court, as in this court, plaintiff also requested attorney's fees and expenses.

In its complaint filed in the District Court, Vero unequivocally stated its position on jurisdiction, as follows, "the issue is whether Defendants arbitrarily ignored or violated their own procedures (never incorporated into VTS' [Vero's] contract), not whether Defendants violated some contractual provision. This is not a case founded on any contractual provision at all, and is not a 'government contract' case. VTS requests no contractual relief." Plaintiff also stated in its complaint in the District Court, "[t]he CDA [Contract Disputes Act, 41 U.S.C. §§ 601–613 (2006)] does not apply by its very terms. No contractual right guarantees Plaintiff's continued performance; the Court need only determine whether there was a violation of Plaintiff's procedural rights under the APA." Therefore, Vero alleged that "[t]here is no adequate remedy in the Court of Federal Claims." It is evident that plaintiff Vero made a conscious choice that jurisdiction to challenge the defendant's insourcing decisions is based on section 702 of the APA, and that the case should be brought in the United States District Court. The plaintiff could not have stated more clearly that Vero was of the opinion that Tucker Act jurisdiction would be improper.

In response to Vero's complaint in the District Court, the defendant United States filed a motion to dismiss for lack of jurisdiction, claiming that contrary to plaintiff's allegations, the United States Court of Federal Claims has exclusive jurisdiction over Vero's claims under 28 U.S.C. § 1491(b)(1). On August 4, 2010, the District Court Magistrate Judge assigned to the case issued a "Report and Recommendation on Defendant's Motion to Dismiss, as well as on Plaintiff's Applications for Temporary Restraining Order and for Preliminary Injunction." The Magistrate Judge's Report recommended granting the defendant's motion to dismiss for lack of

jurisdiction. The Magistrate Judge stated that "[t]here appears to be no dispute that the APA governs the Plaintiff's claim. Rather the dispute concerns which court has jurisdiction to hear the APA claim." The Magistrate Judge agreed with the defendant that the United States Court of Federal Claims was the court with jurisdiction to address Vero's claims. The Magistrate Judge noted, however, that "Plaintiff vigorously denies that its Complaint falls within the scope of [28 U.S.C.] § 1491(b)(1). First it [plaintiff] maintains that the dispute over insourcing is not procurement-related. Insourcing, the Plaintiff reasons, is the opposite of procurement." Although the Magistrate Judge indicated that "[t]he Plaintiff's argument is well-taken," the Magistrate Judge reasoned that, " § 1491(b)(1)'s language is broad enough to encompass this situation." The Magistrate Judge also indicated that "[t]here was a time when federal district courts had APA jurisdiction to hear contract award challenges and violations of government contract law. The Administrative Dispute Resolution Act ('ADRA') [the Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3870], ended this shared jurisdictional arrangement...." The Magistrate Judge concluded that the Court of Federal Claims "enjoys exclusive jurisdiction" and that the defendant's motion to dismiss the District Court action should be granted. On August 17, 2010, in a brief Order, the District Court Judge "affirmed, adopted and ratified" the Magistrate Judge's Report in its entirety and granted the defendant's motion to dismiss for lack of subject matter jurisdiction.

Thereafter, Vero filed suit in the Court of Federal Claims. In the complaint filed in this court, Vero reaffirmed its belief that the "validity of VTS' [Vero's] claims as Administrative Procedure Act (APA) claims was undisputed in the district court." Trying to make the best of a bad situation, and partially abandoning its initial theory of jurisdiction relied on in the District Court in order to file in this court, the plaintiff stated, "however, the dismissal [in District Court] was based on the conclusion that VTS' claims also fell within the bid protest provisions of the Tucker Act, 28 U.S.C. § 1491(b) and were thus subject to the exclusive jurisdiction of this

Court [the Court of Federal Claims]." Vero further indicated that "timely determination of the jurisdictional issue is requested to avoid prejudicing VTS under 28 U.S.C. § 1500 with respect to any appeal it may need to take of the district court's dismissal, should this Court also find it lacks jurisdiction." Vero also stated in its complaint in this court that no appeal from the District Court decision dismissing its case had been filed at the time the complaint was filed in the Court of Federal Claims. To date, Vero has not appealed the District Court decision. On September 8, 2010, the defendant United States filed a motion to dismiss plaintiff's complaint filed in this court.

## DISCUSSION

Defendant challenges plaintiff's jurisdiction in this court on two grounds: first, defendant argues that the case is jurisdictionally defective based on 28 U.S.C. § 1500 (2006) because litigation, based on the same operative facts and raising the same claims initiated in the United States District Court was still pending when plaintiff later filed suit in the United States Court of Federal Claims; and second, because Vero waived its right to protest the government's insourcing decision when it responded to Amendment No. 9 with a revised bid and was awarded the contract. Because the court dismisses plaintiff's complaint filed in this court based on 28 U.S.C. § 1500, the second issue is not addressed in this Order.

 Subject-matter jurisdiction may be challenged at any time "by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied.* (Fed.Cir.2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning, Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *Paradigm*

*Learning, Inc. v. United States*, 93 Fed.Cl. 465, 471 (2010); *Thompson v. United States*, 88 Fed.Cl. 263, 266 (2009); *North Star Alaska Hous. Corp. v. United States*, 76 Fed.Cl. 158, 185, *appeal dismissed*, 226 Fed.Appx. 1004 (Fed.Cir.2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir. 2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.*, 918 F.2d 160, 161 (Fed.Cir. 1990)); *see also Entegris, Inc. v. Pall Corp.*, 490 F.3d 1340, 1343 (Fed.Cir.2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

 Pursuant to this court's rules and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2010); Fed.R.Civ.P. 8(a)(1), (2) (2010). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555–57, 570, 127 S.Ct. 1955). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States*, 76 Fed.Cl. 376, 379 (2007), *transferred* (due to lack of jurisdiction), No. 4:07CV00633, 2007 WL 4287825 (E.D.Ark. Dec. 6, 2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed.Cir.1998); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure*

§ 1286 (3d ed.2004)); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). As stated in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

 When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2002), *cert. denied*, 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States*, 119 F.3d 1576, 1580 (Fed.Cir. 1997)), *cert. denied*, 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir. 2000).

This Order addresses defendant's claim that plaintiff's prior filing in District Court precludes jurisdiction in this court, pursuant to 28 U.S.C. § 1500. The statute provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, direct-

ly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

Whether another claim is "pending" for purposes of applying section 1500 is determined at the time a complaint is filed in the Court of Federal Claims. *See Keene Corp. v. United States*, 508 U.S. 200, 205–206, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) ("[W]e read the statute [section 1500] as continuing to bar jurisdiction over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim."); *see also Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed.Cir.) (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed.Cir.1994)) (" 'The question of whether another claim is "pending" for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action.' "), *reh'g and reh'g en banc denied* (Fed.Cir.2004), *cert. denied*, 543 U.S. 1153, 125 S.Ct. 1386, 161 L.Ed.2d 118, *reh'g denied*, 544 U.S. 993, 125 S.Ct. 1831, 161 L.Ed.2d 758 (2005); *Mastrolia v. United States*, 91 Fed.Cl. 369, 377 (2010) (quoting *Keene Corp. v. United States*, 508 U.S. at 207, 113 S.Ct. 2035) ("Whether another claim is 'pending' for purposes of § 1500 depends upon 'the state of things at the time of the action brought.' "). Thus, the United States Court of Appeals for the Federal Circuit has made it clear that under 28 U.S.C. § 1500, a plaintiff cannot file a claim in the Court of Federal Claims if the plaintiff has the same claim against the government pending in another federal district court. *See Tohono O'Odham Nation v. United States*, 559 F.3d 1284, 1288 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2009), *cert. granted*, —— U.S. ——, 130 S.Ct. 2097, 176 L.Ed.2d 721 (2010).

To result in dismissal of a case based on a lack of jurisdiction in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1500, three requirements must be satisfied: first, the defendant in both suits must be the United States or an entity acting under the authority of the United States; second, the two suits must share the same operative facts and have requested the same

relief; and third, the action must be "pending" in another federal court when suit is filed in the United States Court of Federal Claims. *See Griffin v. United States*, 590 F.3d 1291, 1293 (Fed.Cir.2009); *see generally Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118. Addressing the first requirement, the earlier suit filed by Vero in the United States District Court for the Southern District of Florida was filed by plaintiff against the United States, also naming DoD, the Air Force and the Army as defendants. The complaint filed in the Court of Federal Claims also names the United States as the defendant.

Second, the two suits, in federal District Court and in the Court of Federal Claims, must share the same operative facts and relief requested. The United States Supreme Court stated in *Keene Corp. v. United States* that, "the comparison of the two cases for purposes of possible dismissal would turn on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested." *Keene Corp. v. United States*, 508 U.S. at 212, 113 S.Ct. 2035 (footnote omitted); *see also Griffin v. United States*, 590 F.3d at 1293 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d at 1551) (" 'For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from *the same operative facts*, and must seek *the same relief*.' ") (emphasis in original); *Eastern Shawnee Tribe of Oklahoma v. United States*, 582 F.3d 1306, 1310 (Fed.Cir.2009), *reh'g denied*, 598 F.3d 1326 (Fed.Cir.), *petition for cert. filed*, 78 U.S.L.W. 3764 (U.S. June 15, 2010) (No. 09–1521). When considering if the same relief is sought, the Federal Circuit has indicated that " 'it is the relief that the plaintiff *requests* that is relevant under § 1500.' " *Eastern Shawnee Tribe of Oklahoma v. United States*, 582 F.3d at 1311 (quoting *Tohono O'Odham Nation v. United States*, 559 F.3d at 1291 and citing *Keene Corp. v. United States*, 508 U.S. at 212, 113 S.Ct. 2035) (emphasis in original). In *Johns–Manville Corp. v. United States*, the Federal Circuit court also indicated that the legal

theories are "not relevant" to a 28 U.S.C. § 1500 analysis. *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1564 (Fed.Cir. 1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989).

Plaintiff does not argue that the relief sought in this court is different from the relief sought in the District Court, nor does either party offer any different operative facts in either case or a different theory of recovery, other than the jurisdictional basis for filing in each court. Moreover, in its response to the defendant's motion to dismiss, the plaintiff confirms the overlap and states, "[p]reviously VTS [Vero] had brought its claims in the United States District Court for the Southern District of Florida, where it is headquartered ... but the district court dismissed them for lack of subject matter jurisdiction following the adoption of the report and recommendation of a Magistrate Judge." In the District Court, Vero requested a declaratory judgment that the defendant's insourcing decisions, and the process by which the government reached those decisions, constituted arbitrary and capricious behavior by the defendant and sought injunctive relief to enjoin the defendant from acting on the insourcing decisions. The plaintiff also requested attorney's fees and expenses. In the case filed in this court, Vero similarly seeks a declaratory judgment that the defendant's insourcing decisions, and the defendant's decisions to insource the work the plaintiff is currently performing, as well as the findings and conclusions to support the decisions were arbitrary and capricious because the DoD failed to follow its own procedures regarding insourcing. In this court, the plaintiff likewise requests a declaratory judgment and injunctive relief to enjoin the DoD and Air Force insourcing decisions, as well as attorney's fees and expenses. In sum, the operative facts recited and the forms of relief requested by the plaintiff in the Court of Federal Claims were previously recited and requested by the same plaintiff against the same defendant in the federal District Court.

■ The only difference in the two cases is the statutory basis recited by the plaintiff in support of jurisdiction in each court, 5 U.S.C. § 702 of the APA in District Court and the Tucker Act, 28 U.S.C. § 1491(b)(1), in this court, which raises a legal question. Under the applicable case law, distinct legal theories are not relevant to an examination of whether 28 U.S.C. § 1500 applies to bar suit in this court. *See Johns–Manville Corp. v. United States,* 855 F.2d at 1564.

■ To be sure, each court has a duty to assure that jurisdiction is proper in cases filed in its court. *See Williams v. United States,* 91 Fed.Cl. 560, 564 (2010) ("Before the court [Court of Federal Claims] considers the merits of a complaint, it must determine the threshold matter of subject matter jurisdiction."); *see also People of Bikini v. United States,* 554 F.3d 996, 999 (Fed.Cir.) ("[T]his court acknowledges that its first obligation is to ensure that it has power and authority to hear a claim ...."), *reh'g and reh'g en banc denied* (Fed.Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 2340, 176 L.Ed.2d 560 (2010). Moreover, addressing a case in the predecessor court to this court, the United States Claims Court, the United States Court of Appeals for the Federal Circuit stated that when a court lacks jurisdiction over claims pursuant to 28 U.S.C. § 1500, "we must abide by the 'age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists.'" *UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1025 (Fed.Cir. 1992) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)), *aff'd sub nom. Keene Corp. v. United States,* 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118. Given the earlier filing in federal District Court, application of 28 U.S.C. § 1500 must be addressed as a threshold matter, including whether the District Court action was still "pending" when the same plaintiff subsequently filed essentially the same action in the United States Court of Federal Claims.

The court acknowledges that if jurisdiction is clearly not available in the first court in which a plaintiff files, then application of section 1500 by the Court of Federal Claims could unfairly force a plaintiff into jurisdictional roulette between courts. *See Eastern Shawnee Tribe of Oklahoma v. United*

*States*, 582 F.3d at 1312 n. 4; *Loveladies Harbor, Inc. v. United States*, 27 F.3d at 1554. In Vero's case, although the District Court declined jurisdiction, and dismissed Vero's District Court case, plaintiff's time for appeal of that decision has not passed. Moreover, plaintiff's deliberate choice of forum in the District Court and chosen basis for jurisdiction, traditional APA jurisdiction, resonates with this court. Without a contract or solicitation at issue, even as amended by the ADRA, Tucker Act jurisdiction to challenge the insourcing policy decisions is not immediately apparent. In this Order, however, the court does not address the propriety of jurisdiction in the Court of Federal Claims, and has not fully explored the issue at this time. As noted, however, plaintiff still has an appeal available to resolve the District Court jurisdiction issue raised by the dismissal of the lawsuit initiated in that court.

As noted above, determination of whether another federal court claim is still "pending" occurs when the plaintiff files its cause of action in the Court of Federal Claims. *See Keene Corp. v. United States*, 508 U.S. at 209, 113 S.Ct. 2035. In this case, although the United States District Court for the Southern District of Florida dismissed Vero's complaint, the District Court action was filed first and Vero is still within the applicable time to file an appeal of that dismissal. *See* 28 U.S.C. § 2107 (2006). Although, to date, plaintiff has not filed an appeal in the United States Court of Appeals for the Eleventh Circuit, in its complaint filed in this court, plaintiff acknowledges its continuing right to appeal, and indicates that it has not yet decided whether or not to do so.

Vero has sixty days from the date of dismissal on August 17, 2010 to appeal the decision of the District Court to the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 2107(b) ("In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties [to appeal] shall be sixty days from such entry [of judgment].").[1] The defendant in the case

in the United States Court of Federal Claims relies on the theory that, although the District Court had dismissed Vero's complaint for lack of jurisdiction, "the time for an appeal of that decision has not yet expired." Defendant, therefore, argues that plaintiff's claims were still "pending," for purposes of 28 U.S.C. § 1500, when the plaintiff filed its complaint in this court. In response, the plaintiff argues that "once a district court dismisses a case for lack of jurisdiction, the plaintiff need not wait the 60–day period for a notice of appeal to run before filing in this Court." Plaintiff acknowledges, however, that 28 U.S.C. § 1500 "would operate to dismiss this case if and when the plaintiff filed a notice of appeal for [sic] the district court's jurisdictional decision."

It does not appear that either the United States Supreme Court or the United States Court of Appeals for the Federal Circuit have addressed whether a case first filed in a federal District Court and then filed in the Court of Federal Claims, based on the same operative facts and seeking the same relief, should be considered still "pending" when a District Court has dismissed the case on jurisdictional grounds, but the time for filing an appeal has not yet expired. Although the Supreme Court and the Federal Circuit have not specifically addressed this question, several Judges of the United States Court of Federal Claims have considered analogous situations which raise questions about the application of section 1500, albeit with differing results. From a sampling of such cases, it is apparent that determination of whether section 1500 directs dismissal in this court is fact specific, based on the claims and the particular timing presented in each of the lawsuits.

In *Young v. United States*, 60 Fed.Cl. 418 (2004), the issue was framed as: "Did this Court have jurisdiction over the claims in *Young I* when that complaint was filed, considering that all of the claims against HUD [the Department of Housing and Urban Development] had been dismissed from the dis-

---

1. Appeals from reviewable decisions of a district court shall be taken to "the court of appeals for the circuit embracing the district." 28 U.S.C. § 1294(1) (2006). Appeals from the United States District Court for the Southern District of Florida must be filed with the United States Court of Appeals for the Eleventh Circuit.

trict court case and had not yet been properly appealed?" *Id.* at 424. The *Young* court concluded that "[f]ollowing the express text of Section 1500 would yield the answer 'yes.' Once the claims against HUD were dismissed by the district court, there literally would not have been 'pending in any other court any suit or process against the United States' brought by the Youngs 'for or in respect to' these claims." *Young v. United States,* 60 Fed.Cl. at 424 (footnote omitted). The *Young* court also acknowledged that the filing of a notice of appeal, however, "would make the claim 'pending.' " *Id.*

In *Young v. United States,* the pro se plaintiffs first filed suit on multiple grounds against HUD, and other defendants, in the United States District Court for the Eastern District of Arkansas. *See id.* at 421. HUD was dismissed from the District Court action, and subsequently the entire action was dismissed. *Id.* The *Young* plaintiffs appealed the dismissal of HUD from the District Court action. The appeal was dismissed by the United States Court of Appeals for the Eighth Circuit because the District Court action was still pending against the other private party defendants. *Id.* After the dismissal of the case against HUD by the District Court, the plaintiffs filed a complaint in the Court of Federal Claims (*Young I* ), alleging breach of a contract by HUD and breach of an implied contract with HUD employees. *Id.* at 420. After the dismissal of the entire District Court action, the plaintiffs filed a second action in the Court of Federal Claims (*Young II* ), raising the same claims. *Id.* The Court of Federal Claims, in considering the *Young v. United States* cases, noted procedural irregularities in that *Young I* had not been dismissed before *Young II* was filed. Because the plaintiffs were pro se, the Judge chose to treat the filing of *Young II* as an amendment to the as yet undismissed *Young I*. The issue before the court then became whether section 1500 prohibited the Court of Federal Claims from taking jurisdiction of *Young I*, since at the time *Young I* was filed in the Court of Federal Claims, the District Court action was still pending.

In a footnote in *Young,* the court cited to dictionary definitions of the word "pending," noting:

> The meaning of the word "pending," when used as an adjective in the legal context, is plain and well-understood. *See, e.g.,* Webster's Third New International Dictionary 1669 (1976) (providing as first definition, "not yet decided: in continuance: in suspense"); Black's Law Dictionary 1154 (7th ed.1999) (defining pending as "[r]emaining undecided; awaiting decision"). "Pending" has had this common meaning at the time, and long before, it was used in the predecessor to Section 1500—in section 8 of the Act of June 25, 1868, 15 Stat. 75, 77. *See, e.g.,* William A. Wheeler, A Dictionary of the English Language 528 (1868) (defining pending as "[r]emaining undecided; in suspense"); [*In re*] *Ouachita Cotton,* 6 Wall. 521, 73 U.S. 521, 527, 18 L.Ed. 935 (1867) (using "still pending" and "awaiting adjudication" interchangeably); 11 Oxford English Dictionary 468 (2d ed.1989) (citing a 1797 usage of the term in a reference to legal proceedings).

*Young v. United States,* 60 Fed.Cl. at 424 n. 9. Relying on these definitions, the court in *Young* noted that all claims against HUD had been dismissed and concluded that "once a claim is dismissed or denied, it is no longer pending in another court, for purposes of Section 1500, until a motion for reconsideration or notice of appeal is filed." *Id.* at 425.

Coming to the opposite conclusion from the court in *Young,* another Judge of the United States Court of Federal Claims, more recently, determined that "a suit is pending for purposes of section 1500 until its final adjudication on appeal or until the time for appeal has run." *Jachetta v. United States,* 94 Fed.Cl. 277, 283 (Fed.Cl.2010) (footnote omitted). In *Jachetta,* the plaintiff first filed suit in the United States District Court for the District of Alaska against the United States and the United States Department of the Interior's Bureau of Land Management (BLM), among other named defendants. *Id.* at 280. The District Court dismissed claims against the United States and the BLM for lack of subject matter jurisdiction, and entered partial judgment under Federal Rule

of Civil Procedure 54(b). The plaintiff in *Jachetta* then filed a motion to amend the judgment to correct a clerical error pursuant to Federal Rule of Civil Procedure 60(a). While that motion to amend the judgment was pending, the same plaintiff filed suit against the United States in the United States Court of Federal Claims, "alleging essentially the same claims" as the suit in the District Court. *Id.* Subsequently, the plaintiff filed an appeal with the United States Court of Appeals for the Ninth Circuit challenging the dismissal by the District Court. Also, after plaintiff filed suit in the Court of Federal Claims, the District Court granted plaintiff's motion to amend the judgment and entered an amended judgment. *Id.* At the time the District Court amended the judgment, the Ninth Circuit case remained pending.

Like the court in *Young*, the court in *Jachetta* considered dictionary definitions of the word "pending" to determine how to apply section 1500 in a case in which final judgment against the United States was entered, but prior to plaintiff's filing an appeal and prior to the resolution of plaintiff's Federal Rule of Civil Procedure 60(a) motion. *Jachetta v. United States*, 94 Fed.Cl. at 282–83. The court in *Jachetta* also relied on the United States Supreme Court's interpretation of the word "pending" in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In *Carey*, the Supreme Court considered the definition of the word "pending" as used in 28 U.S.C. § 2244 (2006), which governs the timing of federal habeas corpus appeals with regard to the state conviction process, and requires that a state prisoner seeking federal habeas corpus relief must file a federal petition within one year after the state conviction has become final. The statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Supreme Court considered whether "pending" included the time between a lower court's decision and the filing of a notice of appeal to a higher state court. *Carey v. Saffold*, 536 U.S. at 217, 122

S.Ct. 2134. Before the Supreme Court, California argued that an application for state collateral review during the interval between a lower court's entry of judgment and the filing of a notice of appeal is not "pending" because during this time, the petition is not under consideration by a court. *Id.* at 219, 122 S.Ct. 2134. The Supreme Court stated that:

> California's reading of the word "pending," however, is not consistent with that word's ordinary meaning. The dictionary defines "pending" (when used as an adjective) as "in continuance" or "not yet decided." Webster's Third New International Dictionary 1669 (1993). It similarly defines the term (when used as a preposition) as "through the period of continuance ... of," "until the ... completion of." *Ibid.* That definition, applied in the present context, means that an application is pending as long as the ordinary state collateral review process is "in continuance"—i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's postconviction procedures, by definition it remains "pending."

*Carey v. Saffold*, 536 U.S. at 219–20, 122 S.Ct. 2134 (omissions in original); *see also Jachetta v. United States*, 2010 WL 3385984, at \*5–6.

In considering the Supreme Court's interpretation of the term "pending" in *Carey v. Saffold*, as it applies to 28 U.S.C. § 1500, the court in *Jachetta v. United States* stated:

> We think this analysis fits the present case. By commencing a suit in the district court, plaintiff engaged a process that carries with it a right to an appeal. *Alaska Packers Ass'n v. Pillsbury*, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988 (1937) (observing that "an appeal in a proper case is matter of right"). So long as that right remains exercisable, the process of which it is a part is properly regarded as pending. To read section 1500 in the narrower sense that plaintiff urges—i.e., to regard a suit as pending only when its merits are under active consideration by a court—is to deny the United States the full protections afforded by the statute by allowing a

plaintiff to postpone an appeal until after the filing of the same cause of action in this court. That is, of course, the situation present here. We do not believe, however, that Congress could possibly have intended section 1500's reach to be so easily evaded by a litigant's strategic filing.

*Jachetta v. United States,* 94 Fed.Cl. at 283 (other citations omitted). The *Jachetta* court acknowledged the opposite result in *Young v. United States,* 60 Fed.Cl. 418, and the factual differences in *Carey v. Saffold,* including the Jachetta plaintiff's Federal Rule of Civil Procedure 60(b) motion, which the court described as a "pending process." *Jachetta v. United States,* 94 Fed.Cl. at 283. Nonetheless, the *Jachetta* court found that when conducting a section 1500 analysis, a suit is "pending" until there has been a final adjudication on appeal or until the time for appeal has run. *Id.; see also Firebaugh Canal Water Dist. v. United States,* 70 Fed.Cl. 593, 599 (2006), in which the court declined to follow the *Young* court, disagreed with the *Young* court's analysis and dismissed for lack of jurisdiction due to certain claims in the case still "pending" in the District Court.

 This court agrees with the court's analysis in *Jachetta v. United States,* and considers plaintiff's claim in the action filed first in the District Court to be "pending," for purposes of 28 U.S.C. § 1500. The right to an appeal, if still available and not renounced by plaintiff, is part of an ongoing suit or process initiated by plaintiff in the District Court, for which reason, plaintiff's claim is still "pending" for purposes of a section 1500 analysis. In Vero's case, the sixty day time period for an appeal from the decision of the District Court for the Southern District of Florida decision has not yet run and Vero still has the right and time to file an appeal in the United States Court of Appeals for the Eleventh Circuit. In fact, in its complaint in this court, plaintiff acknowledged the possibility that Vero might take an appeal from the District Court's dismissal to the Eleventh Circuit. This court acknowledges the chosen process and jurisdictional basis on which plaintiff initiated its lawsuit in the United States District Court for the Southern District of Florida, and is concerned about the inefficiency and court overlap if this court now takes jurisdiction, only to have to dismiss the above captioned case immediately after an appeal is filed. As the Federal Circuit noted in *Harbuck v. United States,* the purpose of 28 U.S.C. § 1500 "was to 'force plaintiffs to choose between pursuing their claims in the Court of Claims [now the Court of Federal Claims] or in another court' and to prevent the United States from having to litigate and defend against the same claim in both courts." *Harbuck v. United States,* 378 F.3d at 1328 (quoting *UNR Indus., Inc. v. United States,* 962 F.2d at 1018).[2]

Plaintiff Vero affirmatively chose to file suit first in the United States District Court for the Southern District of Florida, under traditional APA, section 702 jurisdiction, and then subsequently to file suit in this court, although under the Tucker Act, while the time for an appeal of the District Court decision was still pending. Plaintiff also acknowledged that once a notice of appeal is filed in the Eleventh Circuit, the Court of Federal Claims would lose jurisdiction. Furthermore, plaintiff confirmed at the oral argument in this court that the choice to file first in federal District Court was based on a sincere belief that the plaintiff's challenge to the DoD's insourcing policy and the Air Force's decision to insource the particular work Vero has been performing was best and properly brought as a traditional APA challenge in District Court. At oral argument, in response to this court's question whether the

---

2. The United States Court of Appeals for the Federal Circuit also noted that "neither the Supreme Court nor this court has found any purpose that § 1500 serves today. Because a party can simply file its Court of Federal Claims action first and avoid § 1500 entirely, it functions as nothing more than a 'jurisdictional dance.'" *Tohono O'Odham Nation v. United States,* 559 F.3d at 1292 (quoting *Loveladies Harbor, Inc. v. United States,* 27 F.3d at 1549). As the Federal Circuit further stated, had the plaintiff "simply filed its complaints in reverse order, § 1500 would never have even come into play." *Tohono O'Odham Nation v. United States,* 559 F.3d at 1292. Plaintiff Vero could have made such a choice, but did not do so, apparently believing, as stated in its complaint filed in District Court, that the proper jurisdiction for its complaint was in the federal District Court under the APA and that no contract actions were involved.

appropriate method of review in this case is APA review, counsel for the plaintiff replied: "Yes," although offering Tucker Act jurisdiction in this court as an alternative.[3] Moreover, if this plaintiff later wishes to refile in the Court of Federal Claims and invoke Tucker Act jurisdiction, there appears to remain ample time to do so. Vero's complaint is dismissed below, without prejudice and there appears to be no impending statute of limitations running against Vero, should the Eleventh Circuit affirm the District Court.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED.** Plaintiff's motion for a temporary restraining order is **DENIED.** Plaintiff's complaint is **DISMISSED,** without prejudice. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order. In the event plaintiff refiles in this court, the plaintiff shall indicate that the case is related to this case, No. 10–575C, and the new case should be assigned to the undersigned Judge.

**IT IS SO ORDERED.**

3. In recent months, the plaintiff reports that a number of actions have been filed in federal District Courts similarly challenging the DoD's insourcing decisions. See *K–MAR Indus., Inc. v. U.S. Dep't of Defense, et al.,* No. 1:10–CV–00456 (S.D.Miss.); *K–MAR Indus., Inc. v. U.S. Dep't of Defense, et al.,* No. 5:10–CV–00984 (W.D.Okla.); *Rothe Dev., Inc. v. U.S. Dep't of Defense, et al.,* No. 5:10–CV–00743 (W.D.Tex.); *Unified Consul-* *tants Group, Inc. v. U.S. Dep't of Defense, et al.,* No. 5:10–CV–00135 (W.D.Ky.); *Harris Enter., Inc., et al. v. U.S. Dep't of Defense, et al.,* No. 5:10–CV–00573 (W.D.Tex.). In each of these actions, the choice was to file in the appropriate United States District Court under APA jurisdiction, and not in the United States Court of Federal Claims under Tucker Act jurisdiction.