**WHITEY'S WELDING AND FABRICATION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 614–83C.

United States Claims Court.

June 14, 1984.

Timothy H. Power, San Francisco, Cal., with whom were Louis N. Haas, Thomas P. Cook and Haas & Najarian, San Francisco, Cal., for plaintiff.

Thomas W.B. Porter, Washington, D.C., with whom were Acting Asst. Atty. Gen. Richard K. Willard, David M. Cohen, Washington, D.C., and John Rakow, San Anselmo, Cal., for defendant.

## OPINION

KOZINSKI, Chief Judge.

This case presents a question of first impression: whether the Contract Disputes Act gives this court jurisdiction over a claim based on a maritime contract. Jurisdiction over such claims has historically resided in the district courts.

### Facts

In February 1981, defendant awarded a fixed price contract to plaintiff for repairs to the USNS KILAUEA. While performing repair work on the vessel, plaintiff allegedly discovered a number of unanticipated defects that had to be corrected. Plaintiff seeks compensation for the resulting delay and increased costs. Defendant has moved to dismiss or, in the alternative, for transfer of the case to the appropriate district court.

### Question Presented

The only question presented is whether the court has jurisdiction over a claim against the government based on a maritime contract. Plaintiff does not dispute that its claim is based on a maritime contract, *see, e.g., Kossick v. United Fruit Co.*, 365 U.S. 731, 735, 81 S.Ct. 886, 890, 6 L.Ed.2d 56 (1961); *Northwest Marine Iron Works v. United States*, 203 Ct.Cl. 629, 631, 493 F.2d 652 (1974), and that prior to the Contract Disputes Act (CDA), 41 U.S.C. §§ 601–613, the district courts had exclusive jurisdiction over such claims, *see, e.g., United States v. United Continental Tuna Corp.*, 425 U.S. 164, 179, 96 S.Ct. 1319, 1328, 47 L.Ed.2d 653 (1976); *Northwest Marine Iron Works*, 203 Ct.Cl. at 634, 493 F.2d 652. Plaintiff does argue that the CDA transferred jurisdiction over certain maritime claims from the district courts to the Claims Court. Defendant disagrees.

### Discussion

In determining whether the CDA gives this court jurisdiction over plaintiff's claim the court "must begin with the lan-

guage of the statute." *United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1365 (Fed.Cir.1983). Section 3 of the CDA makes the Act applicable "to any express or implied contract ... entered into by an executive agency for ... the procurement of services." 41 U.S.C. § 602(a) (1982). Section 10 of the Act in turn provides that "a contractor may bring an action directly on the claim in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary." *Id.* § 609(a). Section 4 of the CDA deals more specifically with maritime contracts. That section provides: "[S]uits under section 609 of this title, arising out of maritime contracts, shall be governed by chapter 20 or 22 of Title 46 [the Suits in Admiralty Act or the Public Vessels Act] as applicable, to the extent that those chapters are not inconsistent with this chapter." *Id.* § 603. The Suits in Admiralty Act and the Public Vessels Act provide that admiralty suits against the United States must be brought in the district courts. 46 U.S.C. §§ 742, 782 (1976).

■ It is possible to read section 4 of the CDA as superseding these provisions; that, however, is not the only possible reading. It is entirely plausible to assume that section 4 was intended to deal only with substantive matters and was not meant to address the question of jurisdiction at all. The court will not lightly infer an intent on the part of Congress to divest the district courts of jurisdiction. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 808, 96 S.Ct. 1236, 1241, 47 L.Ed.2d 483 (1976); *Amell v. United States,* 384 U.S. 158, 165–66, 86 S.Ct. 1384, 1388–89, 16 L.Ed.2d 445 (1966). It is appropriate, therefore, to turn to the legislative history to determine what Congress intended when it passed the CDA. *See United States v. Donruss Co.,* 393 U.S. 297, 303, 89 S.Ct. 501, 504–05, 21 L.Ed.2d 495 (1969); *National Treasury Employees Union v. Federal Labor Relations Authority,* 691 F.2d 553, 559 (D.C.Cir.1982).

■ The House bill that became the CDA originally made no mention of maritime contracts. H.R. 11002, 95th Cong., 2d Sess. (1978). The Department of Defense expressed its concern that H.R. 11002 could be interpreted as transferring jurisdiction over maritime contracts to the Court of Claims (now the Claims Court). H.R.Rep. No. 1556, 95th Cong., 2d Sess. 56–57 (1978). The Department therefore recommended some changes in the bill to make it clear that the district courts would retain exclusive jurisdiction over maritime contracts. *Id.* at 57. The House Committee on the Judiciary reacted favorably to this suggestion and amended the bill by incorporating the proposed changes, including the provision that eventually became section 4 of the CDA. *Id.* at 23–24. The committee noted that section 4 was adopted "to clarify the fact that the admiralty jurisdiction of the district courts is not changed by the provisions of the [CDA]." *Id.* at 4.

The original Senate version of the same legislation specifically gave the Court of Claims jurisdiction over contracts for "the employment, use, construction, restoration, repair or salvage of vessels and aids to navigation." S. 3178, 95th Cong., 2d Sess. § 3 (1978). During hearings on the Senate bill, testimony by representatives of the Department of Justice "convinced the committees that the current sole jurisdiction over all admiralty cases should remain in the district courts where great expertise has been developed over the years on such cases." S.Rep. No. 1118, 95th Cong., 2d Sess. 8, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5235, 5242. The committees therefore deleted the provision giving the Court of Claims jurisdiction over maritime contracts. *Id.* This left the Senate bill with no reference to maritime contracts, raising the same concerns that had been expressed about the original House bill. To remedy this problem, the bill was amended to adopt the language suggested by the Department of Defense. 124 Cong. Rec. 36,267 (1978). This language was virtually identical to that adopted by the

House and that eventually became section 4 of the CDA. *Compare* 124 Cong.Rec. 36,266 (1978) *with* H.R. 11002, 95th Cong., 2d Sess. § 10 (1978).

Unlike the language of the CDA, which is unfortunately less than clear, the legislative history firmly establishes the intent of Congress to retain claims under maritime contracts within the exclusive jurisdiction of the district courts. *See Donruss,* 393 U.S. at 303, 89 S.Ct. at 504–05; *National Treasury Employees Union,* 691 F.2d at 559.

## Conclusion

■ This court does not have jurisdiction over plaintiff's claim. The clerk is directed to transfer the case to the United States District Court for the Northern District of California. 28 U.S.C. § 1631 (1982).

No costs.