BOSTON SHIPYARD CORPORATION

v.

The UNITED STATES.

No. 563–85C.

United States Claims Court.

Jan. 31, 1986.

James H. Falk, Washington, D.C., for plaintiff.

Kenneth Oestricher, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

YOCK, Judge.

In this contract case, the plaintiff seeks to convert a termination for default by the U.S. Navy Department into a termination for the convenience of the Government. Simultaneously with the filing of the plaintiff's complaint on September 26, 1985, the plaintiff also filed its motion for an order staying proceedings in this action pending the outcome of a virtually identical counterclaim plaintiff has filed in the United States Bankruptcy Court for the District of Massachusetts. Subsequently, the Government on October 11, 1985, moved this Court to dismiss plaintiff's complaint on the grounds that the Court lacks subject matter jurisdiction and to deny the plaintiff's motion for a stay as moot. The plaintiff has opposed the defendant's motion.

For the reasons discussed herein, the plaintiff's motion to stay is denied, the defendant's motion to dismiss is granted and the complaint is to be dismissed.

### Facts

On or about July 12, 1984, plaintiff, Boston Shipyard Corporation ("Boston Shipyard"), was awarded a contract by the U.S. Navy for the overhaul and repair of a vessel known as the U.S.S. *Connole* (the "*Connole*"). On or about September 10, 1984, the Government delivered the *Connole* to Boston Shipyard. A dispute subsequently arose concerning Boston Shipyard's progress under the contract terms, and on or about September 21, 1984, the Government delivered a "Notice To Cure" to Boston Shipyard. On September 29, 1984, the Government issued a notice of termination of the repair contract for de-

fault and removed the *Connole* so that the repair work could be performed by another contractor.

On October 15, 1984, Boston Shipyard filed a voluntary petition under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (1982) in the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court"). On or about December 20, 1984, the Government filed a proof of claim in Boston Shipyard's bankruptcy proceeding for express reprocurement costs of approximately $1,100,000 and for damages estimated at $100,000 relating to the *Connole* contract.

On September 20, 1985, Boston Shipyard commenced an adversary proceeding in the Bankruptcy Court, filing an "Objection By Debtor To Proof Of Claim Of And Counterclaim Of The Debtor And Action For A Declaratory Judgment And Other Relief Against The United States Of America."

On September 26, 1985, Boston Shipyard filed a Complaint in this Court founded upon an express or implied contract with the United States and seeking a conversion of the termination for default to a termination for the convenience of the Government. This claim is virtually identical to the plaintiff's counterclaim filed in the Bankruptcy Court and seeks essentially the same relief. Simultaneously, Boston Shipyard filed a Motion For An Order Staying Proceedings in the action pending the determination of the Bankruptcy Court counterclaim. Boston Shipyard has indicated that the complaint in this action was filed "for the purpose, *inter alia,* of complying with the time limitations set forth in 41 U.S.C. § 608 [sic: The Contract Disputes Act of 1978, 41 U.S.C. § 609 (1982) ]." The plaintiff alleges jurisdiction under 28 U.S.C. § 1491 (1982) and, presumably, direct access jurisdiction under the Contract Disputes Act of 1978.

### Discussion

In support of its motion, the plaintiff argues that under 28 U.S.C. § 1500, these proceedings should be stayed pending the determination of plaintiff's substantially similar counterclaim filed in Bankruptcy Court. The defendant counters the plaintiff's argument by asserting that plaintiff's motion to stay should be denied, and that the complaint should be dismissed, since this Court lacks jurisdiction over a claim against the Government based upon a maritime contract and, under 28 U.S.C. § 1500, has no jurisdiction over any claim already pending in another court.

### A. Maritime Contracts

■ Boston Shipyard's contract with the Navy for the overhaul and repair of the *Connole* is a maritime contract. *Kossick v. United Fruit Co.,* 365 U.S. 731, 735, 81 S.Ct. 886, 890, 6 L.Ed.2d 56 (1961); *Whitey's Welding & Fabrication, Inc. v. United States,* 5 Cl.Ct. 284, 285 (1984); *Northwest Marine Iron Works v. United States,* 203 Ct.Cl. 629, 631, 493 F.2d 652, 653–54 (1974).

It has long been established that the district courts have exclusive jurisdiction over maritime claims. *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 172, 96 S.Ct. 1319, 1324, 47 L.Ed.2d 653 (1976); *Whitey's Welding & Fabrication, Inc. v. United States, supra,* 5 Cl.Ct. at 285. In addition, section 4 of the Contract Disputes Act expressly excludes maritime contracts from its coverage providing: "[S]uits under section 609 of the title, arising out of maritime contracts, shall be governed by Chapter 20 or 22 of Title 46 [the Suits in Admiralty Act or the Public Vessels Act] as applicable, to the extent that those chapters are not inconsistent with this chapter." 41 U.S.C. § 603 (Supp. I 1983). *See Newport News Shipbuilding and Dry Dock Co. v. United States,* 7 Cl.Ct. 549, 553 (1985); *Whitey's Welding and Fabrication, Inc. v. United States, supra,* 5 Cl.Ct. at 286. Boston Shipyard's maritime contract is not within the subject matter jurisdiction of the United States Claims Court and, therefore, plaintiff's complaint must be dismissed.

### B. The Claims Court Lacks Jurisdiction Over Boston Shipyard's Claim Because This Claim Is Pending In Another Court

■ Title 28 U.S.C. § 1500 provides that:

The United States Claims Court shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

*See also United States v. United Continental Tuna, supra,* 425 U.S. at 173, 96 S.Ct. at 1325; *Armstrong v. United States,* 4 Cl.Ct. 269, 270–71 (1984). The Claims Court lacks jurisdiction under 28 U.S.C. § 1500 when the plaintiff has previously filed a claim pending in another Federal court with the same "operative facts" as the claim filed in this court. *Hill v. United States,* 8 Cl.Ct. 382, 386–87 (1985). In addition, the Court of Claims has held that a *counterclaim* filed in another court qualifies under 28 U.S.C. § 1500 as a "claim * * * pending" to preclude maintenance of the same claim in this court. *Frantz Equipment Co. v. United States,* 120 Ct.Cl. 312, 98 F.Supp. 579 (1951). The plaintiff has acknowledged that in its counterclaim filed in Bankruptcy Court on September 20, 1985, "[t]he facts alleged * * * are substantially similar to the facts alleged in Plaintiff's Complaint [filed six days later] in this action." Both claims are in fact virtually the same and request essentially the same relief from the respective courts. This Court, therefore, lacks jurisdiction over Boston Shipyard's claim filed in this Court.

## CONCLUSION

For the reasons discussed above, the plaintiff's motion to stay proceedings in this action is denied, the defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted, and the plaintiff's complaint is to be dismissed.