**Therese U. DONNELLY, as personal representative of the Estate of Joseph F. Donnelly, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 293–85 L.**

United States Court of Federal Claims.

April 1, 1993.

---

Lawrence A. Pederson, Anchorage, AK, for plaintiff.

Gregory D. Page, Washington, DC, for defendant.

## OPINION and ORDER

TURNER, Judge.

Plaintiff brought this action under the Tucker Act, 28 U.S.C. § 1491(a)(1), seeking compensation for an alleged Fifth Amendment taking. The matter stands on the government's motion filed February 18, 1993 to dismiss the complaint for lack of jurisdiction.[1] We conclude that in light of current case law the government's motion must be granted.

### I

In 1957, Joseph Donnelly, now deceased, allegedly perfected a claim under the homestead laws to lands in Alaska. Thereafter, the government patented a portion of the claimed land to Donnelly. Donnelly filed several homestead applications for title to the remaining portion of the land which were rejected because the remaining area had been withdrawn from the reserve of public lands available to homesteaders. *See Donnelly v. United States*, 850 F.2d 1313, 1315–16 (9th Cir.1988), *cert. denied*, 488 U.S. 1046, 109 S.Ct. 878, 102 L.Ed.2d 1001 (1989). In 1979, however, the government patented the remaining portion of these lands to a native corporation, Eklutna, Inc., pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. §§ 1601–1629e (1988).

In February 1975, the government filed a continuing trespass action against Donnelly in the Federal District Court for the District of Alaska with respect to the land at issue. In May 1975, Donnelly filed a counterclaim against the United States under the Quiet Title Act, 28 U.S.C. § 2409a. In October 1979, following the conveyance to Eklutna, Inc., Eklutna was joined as a defendant, and Donnelly asserted several cross claims (a quiet title claim and claims under ANCSA and the common law theory of "constructive trust") against Eklutna. In January 1980, the government's trespass claim was dismissed. In November 1982, the district court dismissed Donnelly's quiet title counterclaim against the government and the quiet title claim against Eklutna, Inc. because they were barred by the twelve-year statute of limitations contained in the Quiet Title Act, 28 U.S.C. § 2409a(g). *See Donnelly v. United States*, 850 F.2d 1313, 1316 (9th Cir. 1988), *cert. denied*, 488 U.S. 1046, 109 S.Ct. 878, 102 L.Ed.2d 1001 (1989). In December 1986, after the district court concluded that the remaining claims against Eklutna were meritless, *see id.*, Donnelly filed a notice of appeal to the Ninth Circuit. The appeal challenged, *inter alia*, the dismissal of Donnelly's quiet title counterclaim against the government. On March 10, 1988, the Ninth Circuit affirmed the district court's decision in its entirety. *Donnelly v. United States*, 850 F.2d 1313 (9th Cir.1988), *cert. denied*, 488 U.S. 1046, 109 S.Ct. 878, 102 L.Ed.2d 1001 (1989).

On May 16, 1985, prior to the resolution of the litigation discussed above, Donnelly initiated the captioned action in this court, contending that the government's 1979 conveyance of the land at issue to Eklutna, Inc. constituted a taking and seeking dam-

---

1. On August 1, 1985, the government filed a separate motion to dismiss which duly matured but was never addressed due to a suspension of the case. In a "Joint Response" filed on March 2, 1993, to the court's order of February 18, 1993, the parties sought leave to withdraw the 1985 motion to dismiss. That request is granted; the earlier motion is deemed withdrawn.

ages as just compensation; Donnelly filed an amended complaint on August 1, 1985. On February 18, 1993, the government moved to dismiss the instant action (No. 293–85) for lack of jurisdiction, asserting that 28 U.S.C. § 1500 foreclosed jurisdiction in this court due to the pendency of a related action when the complaint in this action was filed.

## II

■ Section 1500 of title 28, United States Code, provides that the Court of Federal Claims "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States. . . ." Two actions involve the same "claim" if they are based on the same underlying facts. *UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1023 (Fed. Cir.) (en banc), *cert. granted sub nom. Keene Corp. v. United States*, —— U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992). Further, if the same claim is pending in another court when the complaint in this court is filed, this court lacks jurisdiction even if the action in the other court is no longer pending when an objection to this court's jurisdiction is raised. *Id.* at 1021. Plaintiff concedes that a related action was pending in another court at the time this action was filed. Nonetheless, plaintiff contends that § 1500 is not applicable for four reasons.

First, plaintiff contends that the inverse condemnation claim in this court is not the same claim for purposes of § 1500 as the quiet title claim that was pending in federal district court because the inverse condemnation claim involves a distinct factual element, that is, proof of a taking for public use. This argument is simply a variant of the argument that two claims are different if they are based on different legal theories. The Federal Circuit has ruled, however, that "the word 'claim' does not refer to a legal theory." *UNR*, 962 F.2d at 1023. Hence, if two actions are based on the same underlying facts, then they involve the same claim for purposes of § 1500 even if the actions are based on different legal theories.

We conclude that the inverse condemnation claim and the quiet title claim are based on the same underlying facts. In both actions, plaintiff was seeking relief from the same injury, that is, the government's failure to patent lands to plaintiff to which plaintiff allegedly had a right under the homestead laws. The fact that the conveyance of these lands to a native corporation under ANCSA may have created an additional theory of recovery (*i.e.* a taking claim) does not alter the underlying basis of the claim.

■ Second, plaintiff contends that the actions in the two courts did not involve the same claim for purposes of § 1500 because a different type of relief was sought in each court. Although this argument has appeal in light of the fact that plaintiff could not have brought the quiet title claim and the inverse condemnation claim in the same court, the Federal Circuit rejected this construction of § 1500 in *UNR*, 962 F.2d at 1024–25. In doing so, the Federal Circuit expressly overruled an established precedent, *Casman v. United States*, 135 Ct.Cl. 647 (1956), which held that § 1500 did not apply where the complaints in the two actions requested different types of relief.

■ Third, plaintiff contends that a federal statute, namely 28 U.S.C. § 1500, cannot be interpreted to restrict the jurisdiction of this court to decide a claim founded on the constitution, namely a Fifth Amendment inverse condemnation claim. Again, *UNR* is binding on this court with respect to this issue. Although the court did not explicitly address this argument, several of the claims that were dismissed under § 1500 in that case rested on the Fifth Amendment. *See Keene Corp. v. United States*, 17 Cl.Ct. 146, 151, 154–55 (1989) (trial court decision). In any event, we note that "Congress has considerable discretion in dealing with the jurisdiction of the lower federal courts." 13 Charles A. Wright et al., *Federal Practice and Procedure* § 3526 (2d ed. 1984). Whatever limits there may be on this power, *see id.*, are not implicated by a statute that at most re-

quires an election of forums, even with respect to constitutional claims.[2] *See id.* (noting that Congress can put exclusive power to consider certain questions in a particular court); *see also Block v. North Dakota,* 461 U.S. 273, 292, 103 S.Ct. 1811, 1822, 75 L.Ed.2d 840 (1983) ("A constitutional claim can become time-barred just as any other claim can.... Nothing in the constitution requires otherwise."); *Lunaas v. United States,* 936 F.2d 1277, 1279–80 (Fed.Cir.1991) (holding that the power of Congress "to impose reasonable limits upon a cause of action" extends to causes of action arising under the Constitution), *cert. denied,* —— U.S. ——, 112 S.Ct. 967, 117 L.Ed.2d 132 (1992).

■ Fourth, plaintiff contends that there was not a "claim" pending in federal district court for purposes of § 1500 because the district court determined that it lacked jurisdiction of plaintiff's claims. In *UNR,* 962 F.2d at 1022, the Federal Circuit rejected this construction of § 1500, and, in doing so, overruled a case, *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966), which held that an action in another court involving the same claim did not divest this court of jurisdiction if the other court determined that it lacked jurisdiction over the related action.

Accordingly, we conclude that the government's motion to dismiss for lack of jurisdiction should be granted because the action pending in federal district court in 1985, when plaintiff filed the action in this court, divests this court of jurisdiction under 28 U.S.C. § 1500.

### III

■ Although asserting that this court lacks subject-matter jurisdiction over the plaintiff's claim, the government requests a ruling that any new complaint based on these facts filed by plaintiff would be barred by the six-year statute of limitations contained in 28 U.S.C. § 2501. Because such a finding would be purely advisory, and therefore impermissible, we have no occasion to address the effect, if any, that the statute of limitations may have on any future action initiated by plaintiff.[3]

### IV

Having decided that this action should be dismissed for lack of jurisdiction under the current state of the law, we note that the holding in this case might be affected by the Supreme Court's disposition of *UNR Indus., Inc. v. United States,* 962 F.2d 1013 (Fed.Cir.) (en banc), *cert. granted sub nom. Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992) (argued on March 23, 1993).[4] As a

2. The cases relied on by plaintiff, *First English Evangelical Lutheran Church v. County of Los Angeles,* 482 U.S. 304, 315, 107 S.Ct. 2378, 2385, 96 L.Ed.2d 250 (1987) and *Regional Rail Reorganization Act Cases,* 419 U.S. 102, 134, 95 S.Ct. 335, 353, 42 L.Ed.2d 320 (1974), do not stand for the proposition for which they are asserted. *First English Evangelical Lutheran Church,* 482 U.S. at 315, 107 S.Ct. at 2385, holds that the cause of action and remedy under the just compensation clause of the Fifth Amendment are self-executing; that case does not hold that a court's jurisdiction to entertain Fifth Amendment claims is self-executing. Accordingly, *First English Evangelical Lutheran Church* has no bearing on the power of Congress to restrict a lower court's jurisdiction to consider a Fifth Amendment claim. *Regional Rail,* 419 U.S. at 134, 95 S.Ct. at 353, notes that a canon of statutory construction providing that "'construction should go in the direction of constitutional policy,'" supported the conclusion that the Regional Rail Reorganization Act of 1973 did not preclude Tucker Act jurisdiction over Fifth Amendment claims arising from takings

occasioned by the Act. That canon, however, applies "to avoid *serious* constitutional doubts, ... not to eliminate all possible contentions that the statute *might* be unconstitutional." *Reno v. Flores,* —— U.S. ——, —— n. 9, 113 S.Ct. 1439, 1453 n. 9, 123 L.Ed.2d 1 (1993) (emphasis in original). As discussed in the text, we do not find a serious doubt concerning the constitutionality of § 1500.

3. Although we have no occasion to address the issue at this time, the concept of equitable tolling may be material in this context. *See generally Irwin v. Veterans Admin.,* 498 U.S. 89, 94, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *Bowen v. City of New York,* 476 U.S. 467, 479–81, 106 S.Ct. 2022, 2029–30, 90 L.Ed.2d 462 (1986); *George F. Miller Farms, Ltd. v. United States,* 27 Fed.Cl. 672, 673–676 (1993).

4. The ruling explicated in this opinion (construing 28 U.S.C. § 1500) relies heavily on the Federal Circuit's en banc decision in *UNR.* Several of the contentions raised by plaintiff, which we have rejected, rely on established precedents overruled by the *UNR* court.

result, we shall withhold entry of judgment, pending the resolution of the case before the Supreme Court.

## V

Based on the foregoing, the government's motion filed February 18, 1993 to dismiss the complaint for lack of jurisdiction is GRANTED. Entry of judgment in favor of the government shall be withheld pending resolution of *UNR Indus., Inc. v. United States,* 962 F.2d 1013 (Fed.Cir.), *cert. granted sub nom. Keene Corp. v. United States,* —— U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992).

It is further ORDERED that this case is hereby SUSPENDED GENERALLY pending disposition of *Keene Corp.* by the United States Supreme Court.