**Marvin M. BRANDT, and Marvin M. Brandt Revocable Trust, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 09–265 L.

United States Court of Federal Claims.

Nov. 30, 2011.

Steven J. Lechner, Lakewood, CO, for plaintiffs.

Joshua A. Doan, with whom was Ignacia S. Moreno, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant. Kate Z. Schneider, Office of General Counsel, United States Department of Agriculture, Washington, DC, of counsel.

### OPINION AND ORDER

HEWITT, Chief Judge.

Plaintiffs Marvin M. Brandt and Marvin M. Brandt Revocable Trust (plaintiffs) filed their Complaint on April 28, 2009, alleging a taking by the United States of plaintiffs' property interests in a railroad right-of-way (Railroad ROW) that traverses plaintiffs' property in Albany County, Wyoming. Plaintiffs' Complaint 2, 7, Docket Number (Dkt. No.) 1. Before the court are Plaintiffs' Complaint (Compl.), Dkt. No. 1, filed April 28, 2009; Defendant's Motion to Dismiss for Lack of Jurisdiction and Supporting Memorandum of Points and Authorities (defendant's Motion or Def.'s Mot.), Dkt. No. 14, filed June 29, 2011; Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction (plaintiffs' Opposition or Pls.' Opp'n), Dkt. No. 18, filed August 1, 2011; and Defendant's Reply in Support of Its Motion to Dismiss for Lack of Jurisdiction (Def.'s Reply), Dkt. No. 20, filed August 18, 2011. A stay in this case, in effect from October 27, 2009, *see* Order of Oct. 27, 2009, Dkt. No. 12, was lifted on November 14, 2011, Order of Nov. 14, 2011, Dkt. No. 21. The court heard oral argument on defendant's Motion at the National Courts Building on Tuesday, November 22, 2011 at 3:00 p.m. Eastern Standard Time. *See* Order of November 18, 2011, Dkt. No. 23.[1]

---

**1.** The oral argument held on Tuesday, November 22, 2011 was recorded by the court's Electronic Digital Recording (EDR) system. The times not-

In its Motion, defendant (the government or United States) argues that under 28 U.S.C. § 1500 and the decision of the United States Supreme Court (Supreme Court) in *United States v. Tohono O'odham Nation* (*Tohono* ), —— U.S. ——, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011), the court must dismiss plaintiffs' case for lack of subject matter jurisdiction. Def.'s Mot. 1. Plaintiffs filed counterclaims in a quiet title suit in the United States District Court for the District of Wyoming (district court) and then—after the district court entered judgment with respect to its counterclaims, but before appealing the district court's quiet title determination to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit)—filed suit in the United States Court of Federal Claims (Court of Federal Claims). *Id.* Defendant argues that the court lacks subject matter jurisdiction because plaintiffs' earlier-filed counterclaims were "pending" within the meaning of section 1500 at the time plaintiffs filed in the Court of Federal Claims and were "based on substantially the same operative facts" as plaintiffs' Complaint in this case. *Id.* For the following reasons, defendant's Motion is GRANTED.

I. Background

A. Plaintiffs' Suit in the United States Court of Federal Claims

This case involves an alleged taking of plaintiffs' property interests in a railroad right-of-way (Railroad ROW) that traverses plaintiffs' property. *See* Compl. ¶¶ 3, 12, 15, 38. In 1908, the United States granted the Railroad ROW to the Laramie, Hahn's Peak and Pacific Railroad Company for railroad purposes. *Id.* ¶ 15. In 1976, the government conveyed 83.32 acres of land partially burdened by the Railroad ROW to Melvin M. Brandt and Lula M. Brandt (parents of Marvin M. Brandt) in Patent Number 49–76–0031. *Id.* ¶¶ 19–21. In 1987 the Wyoming and Colorado Railroad Company, Inc. (WYCO) acquired the Railroad ROW. *Id.* ¶ 25. WYCO filed a Notice of Intent to Abandon Rail Service regarding the Railroad ROW with the Surface Transportation Board (STB) in May 1996, *id.* ¶ 26, and the STB

approved the abandonment of the Railroad ROW in 2003, *id.* ¶ 30. In 2004, WYCO notified the STB that it had abandoned the Railroad ROW. *Id.* ¶ 31.

Plaintiffs filed suit in this court on April 28, 2009, seeking, *inter alia:* (1) a "Declar[ation] that 16 U.S.C. § 1248(c) [the Rails to Trails Act] effectuated a taking of Plaintiffs' private property for public use without just compensation"; (2) "just compensation that reflects the fair market value of the property taken by the United States . . . plus any 'severance damages' "; and (3) "compensation for the delay between the date of the taking and the date when the United States finally pays 'just compensation' to Plaintiffs." *Id.* at p. 8. The case was stayed pursuant to the court's Order of October 27, 2009 pending resolution of plaintiffs' appeal to the Tenth Circuit. *See* Order of Oct. 27, 2009, Dkt. No. 12; discussion, *infra* Part I.B. The stay was lifted pursuant to the court's Order of November 14, 2011 in order to consider defendant's Motion. *See* Order of Nov. 14, 2011, Dkt. No. 21.

B. Related Litigation in the District Court and Tenth Circuit

The United States filed suit in district court on July 14, 2006, seeking to quiet title to the Railroad ROW in favor of the United States. Compl. ¶ 32. The United States requested that the district court declare that the Railroad ROW granted to the Laramie, Hahns Peak and Pacific Railroad Company had passed to WYCO as successor; that WYCO had abandoned the Railroad ROW for its entire length; and that all right, title, and interest in the Railroad ROW were vested in the United States. Pls.' Opp'n, Ex. 2 (Am. Compl. for Declaratory J. of Abandonment and to Quiet Title) at 12. Plaintiffs were named as defendants in the district court case. Compl. ¶ 32.

On August 8, 2006 Marvin M. Brandt filed an answer and counterclaims in the district court. Answer and Countercl. of Def. Marvin M. Brandt at 10, *United States v. Wyo. & Colo. R.R. Co.*, No. 06–cv–184J (D.Wyo. Aug.

ed in citations to the oral argument refer to the     EDR record of the oral argument.

8, 2006), Dkt. No. 59.[2] On October 1, 2007 the Marvin M. Brandt Revocable Trust and Marvin M. Brandt filed an amended answer and counterclaims (Counterclaims), substituting themselves as defendant. *Id.* In two of their Counterclaims, plaintiffs asked the district court to find that the government holds no reversionary interest in the former railroad easement across the property and to quiet title to the property in plaintiffs. Pls.' Opp'n, Ex. 3 (First Am. Answer and Countercl. of Defs. Marvin M. Brandt Revocable Trust and Marvin M. Brandt, Trustee) (Counterclaims) 8. In a third Counterclaim, plaintiffs alleged that, to the extent defendant acquired some interest in the portion of the land occupied by the railroad easement, that interest would constitute a taking for which just compensation is due, *id.* at 9, and requested that the district court transfer the Counterclaim for a taking to this court, *id.* at 10.

On April 8, 2008 the district court issued an order holding that the United States "retains a reversionary interest in the ... railroad ROW pursuant to 43 U.S.C. § 912, 16 U.S.C. § 1248(c), and previous decisions of the Tenth Circuit." Pls.' Opp'n, Ex. 4 (Apr. 8, 2008 Mem. Op. and Order) at 20. The district court specifically noted that if plaintiffs pursued a takings claim, "the [Court of Federal Claims] would have exclusive jurisdiction." *Id.* at 21. On April 18, 2008 plaintiffs moved to transfer the Counterclaim for a taking to this court, and the government responded with a motion to dismiss plaintiffs' Counterclaim for a taking. Pls.' Opp'n, Ex. 6 (Mar. 4, 2009 Order Granting Pl.'s Mot. to Dismiss the Third Countercl. of Marvin M. Brandt Revocable Trust and Marvin M. Brandt Without Prejudice and Order Den. Def. Marvin M. Brandt Revocable Trust's, Marvin M. Brandt, Trustee, Mot. to Transfer the Third Countercl. to the United States Court of Federal Claims) (Order of Mar. 4, 2009) 3. On March 2, 2009 the district court issued a declaratory judgment quieting title in the United States to the land upon which the Railroad ROW had been operating. Pls.' Opp'n, Ex. 5 (J. in Favor of the United States on its Claims Against Marvin M. Brandt Revocable Trust and Marvin M. Brandt, Trustee and on the First and Second Countercl. of Marvin M. Brandt Revocable Trust and Marvin M. Brandt, Trustee) (J. of Mar. 2, 2009) ¶ 5. On March 4, 2009 the district court dismissed plaintiffs' Counterclaim for a taking without prejudice, simultaneously denying plaintiffs' motion to transfer the Counterclaim for a taking to this court. Pls.' Opp'n, Ex. 6 (Order of Mar. 4, 2009) 4–5. Plaintiffs appealed the district court's April 8, 2008 Order and its March 2, 2009 Judgment to the Tenth Circuit on April 29, 2009. *See* Docket, *United States v. Brandt,* No. 09–8047 (10th Cir.) (noting in the first entry that plaintiffs' appeal was received on Apr. 29, 2009). The appeal was argued on May 4, 2010, Order of May 4, 2010 at 2, *United States v. Brandt,* No. 09–8047 (10th Cir. May 4, 2010), Dkt. No. 01018414372, and remains pending, *see* Docket, *United States v. Brandt,* No. 09–8047 (10th Cir.).

## II. Legal Standards

■ The existence of subject matter jurisdiction is a threshold question. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Plaintiffs bear the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. *See Barrett v. Nicholson,* 466 F.3d 1038, 1041 (Fed.Cir. 2006) (citing, *inter alia, McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule of the United States Court of Federal Claims (RCFC) 12(h)(3). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004) (quoting *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed.Cir.1993)).

2. The decision of the United States District Court for the District of Wyoming can be found at *United States v. Marvin M. Brandt Revocable Trust,* No. 06–cv–184J, 2008 WL 7185272 (D.Wyo. Apr. 8, 2008).

The Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). However, the court's jurisdiction under 28 U.S.C. § 1491(a)(1) is limited by 28 U.S.C. § 1500, which states in full:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (2006). If section 1500 applies, then this court lacks subject matter jurisdiction and must dismiss the complaint. *See Tohono*, 131 S.Ct. at 1727 ("The [Court of Federal Claims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents.").

### III. Discussion

Defendant maintains that the court must dismiss plaintiffs' Complaint under 28 U.S.C. § 1500 because the district court suit in which plaintiffs filed their Counterclaims was still pending within the meaning of the statute when plaintiffs filed in this court, *see* Def.'s Mot. 11–14, and because plaintiffs' Complaint and district court Counterclaims are based on substantially the same operative facts, *see id.* at 10–11. Plaintiffs maintain that the court has jurisdiction despite section 1500, arguing that the district court suit was not "pending" within the meaning of the statute at the time it filed in this court, *see* Pls.' Opp'n 6–8, and that their Complaint and district court Counterclaims "are not

based on substantially the same operative facts," *see id.* at 15–16.

For the reasons stated below, the court finds that plaintiffs' suit was pending for the purposes of section 1500 at the time that they filed in this court because the time within which they were permitted to file their notice of appeal had not yet expired. The court also finds that, under section 1500, plaintiffs' Complaint filed in this court is "for or in respect to" the quiet title suit because they share "substantially the same operative facts." Potential hardship to plaintiffs does not permit the court to disregard the jurisdictional mandate of section 1500.

A. Plaintiffs' Suit Was "Pending" for the Purposes of Section 1500 When Plaintiffs Filed in the United States Court of Federal Claims

▮ Defendant argues that "a suit is 'pending' in another court for the purposes of Section 1500 until the expiration of the time for filing a notice of appeal from a dismissal or judgment by the other court." Def.'s Mot. 11–12. Therefore, although plaintiffs had not yet filed a notice of appeal to the Tenth Circuit at the time that they filed their Complaint in this court,[3] the case was nonetheless pending for the purposes of section 1500 because plaintiffs' time to file their appeal had not yet expired. *Id.*

Plaintiffs argue that "at the time the Brandts filed their Complaint in the instant case, the Brandts had no 'suit or process' against the United States' pending in any court," Pls.' Opp'n 8 (quoting *Young v. United States*, 60 Fed.Cl. 418, 424–25 (2004)), because "[t]he Wyoming district court dismissed the Brandts' takings counterclaim on March 4, 2009," and plaintiffs had not yet filed a notice of appeal at the time that they filed suit in this court, *id.* Plaintiffs also argue that the cases relied on by defendant to support its argument that a suit is pending under section 1500 until the time to file a notice of appeal has expired, which include *Vero Technical Support v. United States*

---

**3.** Plaintiffs' Complaint in this court was filed on April 28, 2009, *see generally* Pls.' Compl., Docket Number (Dkt. No.) 1, filed April 28, 2009; plaintiffs did not file their appeal until a day later, April 29, 2009, Def.'s Mot. to Dismiss for Lack of Jurisdiction and Supporting Mem. of Points and Authorities, Dkt. No. 14, filed June 29, 2011, at 7.

*(Vero )*, 94 Fed.Cl. 784 (2010); *Jachetta v. United States,* 94 Fed.Cl. 277 (2010); and *Low v. United States,* No. 10–811C, 2011 WL 2160880 (Fed.Cl. June 1, 2011) (unpublished), *see* Def.'s Mot. 13–14, are inapplicable here, *see* Pls. Opp'n 9–10. According to plaintiffs, in those cases the plaintiffs "had consciously chosen to initiate the lawsuit against the United States in the U.S. district court, rather than in the [Court of Federal Claims]," Pls.' Opp'n 9, whereas here plaintiffs "did not choose to initiate a lawsuit in the Wyoming district court" but, instead, "filed a takings counterclaim," *id.* at 10.[4]

■ Section 1500 states that this court "shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500. Whether another suit was "pending" at the time that a plaintiff files in the Court of Federal Claims is judged according to the established principle that "'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Keene Corp. v. United States,* 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (quoting *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)). In other words, whether a previously filed case is still pending at the time that plaintiff files in the Court of Federal Claims is judged at the time that the Court of Federal Claims complaint is filed. *See Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1548 (Fed.Cir.1994) ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action.").

Plaintiffs filed three Counterclaims in district court on October 1, 2007, two to quiet title and one for a taking. Pls.' Opp'n, Ex. 3 (Counterclaims) 8–9. On March 2, 2009 the district court entered judgment for the United States as to its quiet title claim. Pls.' Opp'n, Ex. 5 (J. of Mar. 2, 2009) ¶ 5. On

---

**4.** Plaintiffs also argued for the first time at oral argument that "that a claim for which the [district] court has no jurisdiction over cannot be a claim pending for purposes of [28 U.S.C. § 1500]." Oral Argument of Nov. 22, 2011, Argument of Mr. Lechner at 3:14:55–15:03. Relying on *Vero Technical Support (Vero )*, 94 Fed.Cl. 784 (2010) and *Loveladies Harbor, Inc. v. United States (Loveladies )*, 27 F.3d 1545 (Fed.Cir.1994), plaintiffs argued that plaintiffs' takings counterclaim was not pending when they filed in this court because the district court had dismissed it for lack of jurisdiction. *See* Oral Argument of Nov. 22, 2011, Argument of Mr. Lechner at 3:15:04–40.

"The court will not consider arguments that were presented for the first time in a reply brief or after briefing was complete." *Arakaki v. United States,* 62 Fed.Cl. 244, 246 n. 9 (2004). Plaintiffs' counsel admitted at oral argument that plaintiffs did not raise this issue in their briefing. Oral Argument of Nov. 22, 2011, Argument of Mr. Lechner at 3:16:20–39 ("We didn't brief it because based on the government's motion to dismiss it appeared like they were only going after the quiet title counterclaim. It was not apparent to me that they were going after the takings counterclaim until their reply brief was filed . . . with respect to this motion to dismiss."). Because they did not raise the issue in their briefs, plaintiffs have waived this argument. *See Arakaki,* 62 Fed.Cl. at 246 n. 9; *Cubic Def. Sys., Inc. v. United States,* 45 Fed.Cl. 450, 467 (1999) ("A court might in its discretion permit a new theory to be raised at oral argument, but it certainly need not. And if it did, it would have to allow the other side sufficient time to prepare and present a response.").

Even if plaintiffs had articulated the argument in their briefing, it is without merit. Neither *Vero* nor *Loveladies* supports plaintiffs' contention. In *Vero,* "[t]he court acknowledge[d] that if jurisdiction is clearly not available in the first court in which a plaintiff files, then application of section 1500 by the [United States Court of Federal Claims (Court of Federal Claims)] could unfairly force a plaintiff into jurisdictional roulette between courts," 94 Fed.Cl. at 791, but nonetheless dismissed plaintiff's case under section 1500, without regard to the fact that the district court had concluded that it lacked jurisdiction over plaintiff's claim, *id.* at 788, 796–97. In *Loveladies,* the United States Court of Appeals for the Federal Circuit (Federal Circuit) ultimately concluded that the Court of Federal Claims had jurisdiction over the plaintiff's suit, despite the fact that the plaintiff filed first in district court. 27 F.3d at 1548. However, whether the district court had jurisdiction over the plaintiff's claim was irrelevant to the Federal Circuit's decision. *Id. passim.* The Federal Circuit instead based its decision on the fact that the plaintiff sought different relief in the district court and in the Court of Federal Claims, *id.* at 1550–52, which precluded the application of section 1500 under the standard applied by the Federal Circuit prior to *United States v. Tohono O'odham Nation (Tohono )*, — U.S. —, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011).

March 4, 2009 the district court dismissed plaintiffs' Counterclaim for a taking. Pls.' Opp'n, Ex. 6 (Order of Mar. 4, 2009) 5. On April 28, 2009 after judgment was entered quieting title in defendant and after plaintiffs' Counterclaim for a taking had been dismissed—but before the time had expired for plaintiffs to file an appeal of the district court's quiet title determination, *see* 28 U.S.C. § 2107(b),[5] and before plaintiffs had filed their appeal—plaintiffs filed their Complaint in this court, *see generally* Compl. When plaintiffs filed their Complaint in this court, the time during which plaintiffs could appeal the district court's determination had not yet expired.

The question of whether a case is "pending" for the purposes of Section 1500 during the period after the district court has entered judgment but before the time to appeal that judgment has expired is not entirely settled. The weight of authority views a matter as "pending" until the time for filing a notice of appeal has expired, *see, e.g., Vero,* 94 Fed.Cl. 784; *Jachetta,* 94 Fed.Cl. 277; and *Low,* 2011 WL 2160880, while at least one case does not view a matter as "pending" during the time after the district court has entered judgment but before a notice of appeal is filed, *see Young,* 60 Fed.Cl. at 425 ("The Court concludes that, once a claim is dismissed or denied, it is no longer pending in another court, for purposes of Section 1500, until a motion for reconsideration or notice of appeal is filed.").

Defendant relies on *Jachetta, Vero,* and *Low,* for the proposition that a case should be considered pending for the purposes of section 1500 "until the expiration of the time for filing a notice of appeal from a dismissal or judgment by the [district] court." Def.'s Mot. 11–12.

In *Jachetta,* plaintiff's first-filed complaint in district court was dismissed, but plaintiff's time to appeal that determination had not yet

expired when plaintiff filed suit in this court, 94 Fed.Cl. at 282. In dismissing the plaintiff's Court of Federal Claims complaint, this court relied on the Supreme Court's interpretation of the word "pending" in the context of 28 U.S.C. § 2244(d), a statute which requires a state prisoner to file a federal habeas petition within one year of the state court's judgment. 28 U.S.C. § 2244(d)(1) (2006). The statute also provides that the one-year period does not include "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* at § 2244(d)(2). In interpreting section 2244(d), the Supreme Court concluded that an application for state post-conviction or other collateral review is pending under 28 U.S.C. § 2244(d) until the ordinary state collateral review process has achieved final resolution. *Carey v. Saffold,* 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The *Jachetta* court noted that, as in the state collateral review process in *Carey,* "[b]y commencing a suit in the district court, plaintiff engaged a process that carries with it a right to an appeal. So long as that right remains exercisable, the process of which it is a part is properly regarded as pending." *Id.* (internal citation omitted).

Similarly, in *Vero,* plaintiff filed its complaint first in the United States District Court for the Southern District of Florida, 94 Fed.Cl. at 787, where its complaint was dismissed, *id.* at 788. Because "Vero [was] still within the applicable time to file an appeal of that dismissal," *id.* at 792, and because "[t]he right to an appeal, if still available and not renounced by plaintiff, is part of an ongoing suit or process initiated by plaintiff in the District Court," the *Vero* court concluded that "plaintiff's claim [was] still 'pending' for purposes of a section 1500 analysis," *id.* at 795.[6]

5.   Section 2107(b) of Title 28 of the United States Code states in full, "In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry." 28 U.S.C. § 2107(b) (2006).

6.   *Vero,* 94 Fed.Cl. 784 and *Jachetta v. United States,* 94 Fed.Cl. 277 (2010), pre-date the Su-

preme Court's decision in *Tohono,* 131 S.Ct. 1723. However, three decisions of this court issued after *Tohono* have agreed with *Vero* and *Jachetta* insofar as they stand for the proposition that a claim remains pending for the purposes of 28 U.S.C. § 1500 " 'until its final adjudication on appeal or until the time for appeal has run.' " *See Lummi Tribe of Lummi Reservation v. United*

Plaintiffs rely on *Young*, 60 Fed.Cl. at 424, for the proposition that once a claim is dismissed by the district court, there is no longer a pending suit or process against the United States even though the time for appeal has not yet expired. Pls.' Opp'n 7–8. However, the weight of authority supports the opposite proposition: that a claim is still pending until the time to appeal the district court's determination has expired. *See Lummi Tribe of Lummi Reservation v. United States*, 99 Fed.Cl. 584, 592–93 (2011) (quoting *Jachetta*, 94 Fed.Cl. at 283); *Tallacus v. United States*, 99 Fed.Cl. 235, 237 (2011); *Low*, 2011 WL 2160880, at *6–7; *Vero*, 94 Fed.Cl. 784; *Jachetta*, 94 Fed.Cl. 277; *Firebaugh Canal Water Dist. v. United States*, 70 Fed.Cl. 593, 597–99 (2006).

■ Construing section 1500 to bar duplicative suits filed in the Court of Federal Claims during the period in which an appeal may be filed in another court is also consistent with the Supreme Court's decision in *Tohono*. Although the Supreme Court did not address in *Tohono* the question of whether a suit is "pending" during the time in which an appeal may be filed, the Court made clear its view that " 'Congress did not intend [section 1500] to be rendered useless by a narrow concept of identity,' " *Tohono*, 131 S.Ct. at 1728 (quoting *Keene Corp.*, 508 U.S. at 213, 113 S.Ct. 2035), and that section 1500 should be read to "keep[ ] the provision from becoming a mere pleading rule, to be circumvented by carving up a single transaction into overlapping pieces seeking different relief," *id.* at 1730. The court concludes that under section 1500 a suit is pending until it is finally adjudicated on appeal or until the time to file an appeal has expired. *See Jachetta*, 94 Fed.Cl. at 283; *Vero*, 94 Fed.Cl. at 795. In this case, the time for plaintiffs to appeal had not yet expired at the time that plaintiffs filed suit in this court on April 28, 2009. *See* 28 U.S.C. § 2107(b). Plaintiffs' suit was still "pending" for the purposes of section 1500

when plaintiffs filed in the Court of Federal Claims.

**B. Plaintiffs' Counterclaims Are a "Suit or Process" Within the Meaning of Section 1500**

■ Plaintiffs also argue that *Vero* and *Jachetta* are distinguishable because, in both of those suits, the plaintiffs had affirmatively filed suit both in district court and in the Court of Federal Claims, whereas in this case, the United States initiated suit in district court and plaintiffs responded with the Counterclaims. Pls.' Opp'n 9–11. Defendant argues that "a counterclaim pending in another court triggers the application of Section 1500." Def.'s Reply 5.

As defendant correctly notes, *id.*, both the Court of Claims and this court have previously held that a counterclaim is a "suit or process" within the meaning of section 1500, *see Frantz Equip. Co. v. United States*, 120 Ct.Cl. 312, 314, 98 F.Supp. 579, 580 (Ct.Cl. 1951) (holding that plaintiff, by filing a counterclaim in a district court suit initiated by the United States, "lost its right, so long as said claim remained pending in the District Court, to institute and maintain suit in this court upon the same claim"), *abrogated on other grounds by Casman v. United States*, 135 Ct.Cl. 647 (1956) [7] *and E. Shawnee Tribe of Okla. v. United States*, 598 F.3d 1326 (Fed.Cir.2010) (noting that *Casman* overruled *Frantz* to the extent that *Frantz* held that the court may not look at the district court's ability to¹ award relief in deciding whether a plaintiff's claim is barred by section 1500); *Gloeckner v. United States*, 32 Fed.Cl. 742, 745 (1995) ("[A] claim involves some affirmative prayer for relief either through the institution of a suit or a counterclaim."); *Donnelly v. United States*, 28 Fed. Cl. 62, 63–64 (1993) (dismissing, pursuant to 28 U.S.C. § 1500, plaintiffs' complaint alleging an inverse condemnation where plaintiff had filed a quiet title counterclaim against the United States in district court); *Boston*

---

States (*Lummi* ), 99 Fed.Cl. 584, 592–93 (2011) (quoting *Jachetta*, 94 Fed.Cl. at 283); *Tallacus v. United States*, 99 Fed.Cl. 235, 237 (2011); *Low v. United States*, No. 10–811 C, 2011 WL 2160880, at *6–7 (Fed.Cl. June 1, 2011) (unpublished).

7. *Casman v. United States*, 135 Ct.Cl. 647 (1956) was later overruled by *UNR Industries, Inc. v. United States*, 962 F.2d 1013, 1022 n. 3 (Fed.Cir. 1992).

*Shipyard Corp. v. United States,* 9 Cl.Ct. 450, 452 (1986). Plaintiffs' Counterclaims in the district court are properly construed as a "suit or process" against the United States. *See* 28 U.S.C. § 1500. Plaintiffs' filing of their Counterclaims rather than a complaint in district court is no bar to dismissal under section 1500.

### C. Plaintiffs' Court of Federal Claims Complaint and District Court Counterclaims Share the Same Operative Facts

■ Defendant argues in its Motion that "[a] comparative reading of the Brandts' [Court of Federal Claims] Complaint and District Court Counterclaim[s] demonstrates that they are based on substantially the same operative facts," Def.'s Mot. 10, and therefore "this [c]ourt must dismiss this suit," *id.* at 11. In particular, defendant argues that the Court of Federal Claims case and the district court Counterclaims "involve the same Railroad ROW" and "the same piece of land owned by the Brandts." *Id.* at 10–11. According to defendant, both the Court of Federal Claims Complaint and the district court Counterclaims contain similar allegations, specifically that "Patent Number 49–76–0031 'expressly granted to Mr. Brandt's parents and their successors and assigns the land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimants ... forever,'" *id.* at 11 (internal quotation marks omitted), that the Patent states that "the land was being granted 'subject to' the Railroad ROW," that WYCO had ceased offering rail services on the Railroad ROW, and that "the United States did not retain any reversionary interest in the Railroad ROW," *id.*

Plaintiffs argue that "the Brandts' takings counterclaim in the Wyoming district court and the Brandts' takings claim in this case are not based on substantially the same operative facts" because plaintiffs' Complaint is based on two additional facts: "a judicial decree of abandonment and a judgment quieting title in favor of the United States." Pls.' Opp'n 15.[8]

In *Tohono,* the Supreme Court held that, under 28 U.S.C. § 1500, "[t]wo suits are for or in respect to the same claim, precluding jurisdiction in the [Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." 131 S.Ct. at 1731. Because it is irrelevant whether the relief sought in each suit overlaps, the court must determine only whether plaintiffs' Court of Federal Claims Complaint and plaintiffs' Counterclaims are based on "substantially the same operative facts." *See id.*

The Court in *Tohono* did not define precisely when facts can be said substantially to overlap. *See generally Tohono,* 131 S.Ct. 1723. The Court concluded that the tribe's suits in the United States District Court for the District of Columbia and in the Court of Federal Claims had substantial overlap in operative facts because the trust assets at issue and the alleged breaches of the United States' fiduciary duty were very similar. *Id.* at 1731. The Court noted that "it appears that the Nation could have filed two identical complaints, save the caption and prayer for relief, without changing either suit in any significant respect." *Id.*

■ "Determining whether two suits are based on substantially the same operative facts 'requires a comparison between the

---

8. Plaintiffs also argue in passing that *Tohono* is not applicable here because the plaintiffs in that case claimed money damages for breach of a fiduciary duty, whereas here, plaintiffs' right to relief derives from the text of the Fifth Amendment. Pls.' Opp'n 14. Neither *Tohono* nor the text of section 1500 make any distinction based on the type of claim filed in the Court of Federal Claims. *See generally Tohono,* 131 S.Ct. 1723; 28 U.S.C. § 1500. The court has applied section 1500 to dismiss Fifth Amendment takings cases both before and after the United States Supreme Court's decision in *Tohono. See, e.g., Keene Corp.*

*v. United States,* 508 U.S. 200, 205, 218, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (affirming trial court's dismissal of plaintiffs' takings claim under section 1500); *Stockton E. Water Dist. v. United States* (*Stockton*), 101 Fed.Cl. 352, 357–59 (2011); *Central Pines Land Co. v. United States* (*Central Pines*), 99 Fed.Cl. 394, 395 (2011); *Donnelly v. United States,* 28 Fed.Cl. 62, 63 (1993). The court finds no reason to depart from settled law and concludes that section 1500 and *Tohono* govern equally Fifth Amendment takings claims and the Tohono O'odham tribe's claims for breach of fiduciary duty.

claims raised in the Court of Federal Claims and in the other lawsuit.'" *Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1164 (Fed.Cir.2011) (quoting *Keene Corp.,* 508 U.S. at 212, 113 S.Ct. 2035). Where "injury for both claims stems from the same single event," *Griffin v. United States,* 590 F.3d 1291, 1294 (Fed.Cir.2009), those claims share substantially the same operative facts under section 1500, *see id.* at 1295.[9]

Here, the district court case involved an action to quiet title (and, until plaintiffs' third Counterclaim was dismissed, a takings claim related to plaintiffs' interest in the Railroad ROW). *See* Compl. ¶ 32; Pls.' Opp'n, Ex. 3 (Counterclaims) 9; Pls.' Opp'n, Ex. 6 (Order of Mar. 4, 2009) 4–5. The suit filed in the Court of Federal Claims alleges a taking of plaintiffs' interest in the same Railroad ROW, Compl. ¶¶ 12, 15, 38. There also is substantial factual overlap between plaintiffs' Complaint in this court and plaintiffs' Counterclaims. For example:

(1) the Complaint states, "Upon granting this Railroad ROW, Defendant retained no reversionary interest or a right of reverter in the easement," Compl. ¶ 17; plaintiffs' Counterclaims state, "This Court should determine that Plaintiff holds no valid reversionary interest in the former railroad easement across the aforementioned property now owned by the Trust," Pls.' Opp'n, Ex. 3 (Counterclaims) 8;

(2) the Complaint states, "Patent Number 49–76–0031 expressly granted to Mr. Brandt's parents and their successors and assigns the 'land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimants ... forever,'" Compl. ¶ 20; plaintiffs' Counterclaims state, "According to the terms of Land

Patent 49–76–0031, the Trust is legally entitled to 'have and hold the said land with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto the said claimants, their successors and assigns, forever,'" Pls.' Opp'n, Ex. 3 (Counterclaims) 7;

(3) the Complaint states, "Patent Number 49–76–0031 expressly provides that it is subject to the Railroad ROW," Compl. ¶ 21; plaintiffs' Counterclaims state, "The land granted under Land Patent 49–76–0031 was granted 'subject to' use for 'railroad purposes,'" Pls.' Opp'n, Ex. 3 (Counterclaims) 7;

(4) the Complaint states, "The operation of 16 U.S.C. § 1248(c) effectuated a taking of Plaintiffs' property for public use without just compensation," Compl. ¶ 38; plaintiffs' Counterclaims state, "To the extent this Court should hold that [the government], under The National Trail Systems Improvement Act, 16 U.S.C. § 1248, acquired some interest in the portion of the Trust's land formerly occupied by the aforementioned railroad easement, such would constitute a 'taking' for which 'just compensation' is due," Pls.' Opp'n, Ex. 3 (Counterclaims) 9.

The foregoing parallel quotations demonstrate that plaintiffs' Counterclaims filed in the quiet title suit now on appeal to the Tenth Circuit and plaintiffs' Complaint later filed in the Court of Federal Claims are based on substantially the same operative facts. In particular, the Complaint and the Counterclaims involve the same piece of property—the Railroad ROW—and very similar allegations with respect to plaintiffs' interest in that property. Plaintiffs' Counterclaims and their Court of Federal Claims Complaint also stem from the same event,

9. Court of Federal Claims cases decided since *Tohono* have also clarified the circumstances under which facts will be considered substantially to overlap. *See, e.g., Stockton,* 101 Fed.Cl. at 358–59, 361–62; *Winnebago Tribe of Neb. v. United States,* 101 Fed.Cl. 229, 233–34 (2011); *Omaha Tribe of Neb. v. United States,* 102 Fed.Cl. 377, 388–90 (2011); *Central Pines,* 99 Fed.Cl. at 400–02; *Lummi,* 99 Fed.Cl. at 592–93. Particularly relevant is *Central Pines,* in which plaintiffs filed a quiet title suit against the United States in district court relating to a mineral servitude. 99

Fed.Cl. at 396. Plaintiffs later filed suit in the Court of Federal Claims alleging a taking of their mineral interests. *Id.* In *Central Pines,* this court concluded that it must dismiss the case based on overlap in the operative facts under *Tohono,* despite the fact that the main relief sought in the district court was a declaration of title, while plaintiffs' Court of Federal Claims action sought just compensation for a Fifth Amendment taking. *Id.* at 402. The court noted an extensive list of overlapping facts from plaintiffs' two lawsuits. *Id.* at 400–01.

that is, from the assertion by the United States of a property interest in the Railroad ROW, a property which plaintiffs claim is rightfully theirs. That plaintiffs' Court of Federal Claims Complaint also includes the additional facts of the district court's judicial decree of abandonment and judgment quieting title in favor of the United States does not alter the substantial overlap of facts.

Because the court finds that plaintiffs' district court Counterclaims and their Complaint in this court are "for or in respect to" the same claim, and because the district court suit was "pending" at the time that plaintiffs' Complaint was filed, *see supra*, Part III.A, the court is precluded under 28 U.S.C. § 1500 from exercising jurisdiction over plaintiffs' Complaint.

### D. *Tohono* Divests the Court of Jurisdiction Despite Potential Hardship to Plaintiffs

Plaintiffs argue that application of section 1500 to bar plaintiffs' Court of Federal Claims suit would "yield an absurd and inequitable result," Pls.' Opp'n 11, because "if the quiet title case continues past the six-year statute of limitations in 28 U.S.C. § 2501, and if Defendant's interpretation of Section 1500 prevails, the Brandts will be denied an opportunity to have ever asserted a takings claim," *id.* at 12. Plaintiffs also contend:

> All the United States would have to do is to preemptively initiate a quiet title action in federal district court in each and every situation in which the United States could be liable for a taking. Then, if the litigation, including the relevant appeals ... took at least six years, the United States would be excused from having to pay just compensation.

*Id.* at 13.

Plaintiffs are correct to point out that, under section 1500, where a plaintiff files a claim or counterclaim in district court, the resolution of the district court case—including the expiration of time for appeal or resolution of an appeal—may extend beyond this court's six-year statute of limitations and preclude plaintiff from filing in this court. However, the Supreme Court itself recognized this possible hardship in *Tohono* and noted that considerations of policy must yield to the plain text of the statute:

> Even were some hardship to be shown, considerations of policy divorced from the statute's text and purpose could not override its meaning. Although Congress has permitted claims against the United States for monetary relief in the [Court of Federal Claims], that relief is available by grace and not by right. If indeed the statute leads to incomplete relief, and if plaintiffs ... are dissatisfied, they are free to direct their complaints to Congress.

*Tohono*, 131 S.Ct. at 1731 (internal citation omitted). Even if plaintiffs could show hardship, the court here " 'enjoy[s] no liberty to add an exception ... to remove apparent hardship.' " *See id.* (quoting *Keene Corp.*, 508 U.S. at 217–18, 113 S.Ct. 2035) (internal quotation marks omitted).

### IV. Conclusion

For the foregoing reasons, the court is without jurisdiction over plaintiffs' Complaint. Defendant's Motion is GRANTED. The Clerk of Court shall enter judgment for defendant.

IT IS SO ORDERED.